## No. 38.

### J. LAMORERE, FOR USE OF, VS. S. S. COX.

When Plaintiff's Petition states that a certain document is thereto annexed and made part thereof, and in point of fact, the document has not been annexed to the Petition or filed, on Defendant's exception to the cause of action or sufficiency of the Petition, the document should not be considered as forming part of the latter.

The rents of seized property belong to the seizing creditor from the moment of seizure, and he has an action against the tenant to recover them, which is not suspended during the delay resulting from either the usual proceedings to effect the sale, or a contest over the proceeds after the sale is made.

APPEAL from the First Judicial District Court, parish of Caddo. *Taylor, J.*

Wise & Herndon and Alexander & Blanchard for Plaintiff and Appellant.

J. Henry Shepherd and Land & Land for Defendant and Appellee.

The opinion of the Court was delivered by

TODD, J. The first question that presents itself for our consideration in this case is one of practice.

That question is, whether a document or record, alleged in a petition to be annexed and form part of the petition, but is in fact *not* annexed and not offered in evidence on the trial of an exception to the sufficiency of the petition, is to be considered a part of the petition.

Art. 172 of the C. P. prescribes:

"The petition must contain a clear and concise statement of the object of the demand, as well as of the nature of the title or the cause of action on which it is founded."

As a matter of convenience it has become the practice where a document or writing is either the basis of the suit or is calculated to assist in explaining the nature of the title or cause of action, for those reasons to annex and make it part of the petition, and so allege in the

petition. The very fact and purpose for which it is thus annexed imply that such writing is material and important, and that the petition would be incomplete without it.

A defendant is entitled to be fully informed of the cause of action, and it would, therefore, seem to follow when documents are annexed for the purpose of fulfilling this requisite of the law, of fully declaring the character of the demand and cause of action, that a copy of such annexed document should accompany and make part of the copy of the petition to be served on the defendant. This Court has, however, in repeated decisions, declared that copies of such writing need not be served on the defendant.

We have, however, no hesitation in stating that where the allegation is formally made that a document, record or other writing is annexed and made a part of a petition, and it is not so annexed, nor even filed in evidence, when exception is made to the cause of action or sufficiency of the petition, that then it should not be considered as forming part of the petition.

For these reasons we shall consider the record alleged to be part of the petition in this case as making no part of it, and as improperly copied into the transcript, and the motion to exclude it therefrom is sustained. Eliminating this record then from the petition, we shall proceed to consider the case as presented by the pleadings.

This is an attachment proceeding, instituted against the defendant, a non-resident. The petition, in substance, alleges: That on the 14th of May, 1878, the sheriff of the parish of Caddo seized, at the suit of the plaintiff against the succession of W. R. Cox, in the District Court of Caddo, certain property in the city of Shreveport, known as the "Elk Horn Wagon Yard." That the seizure was made under an order of seizure and sale to foreclose a mortgage on said property belonging to said succession. That the sale of the property was enjoined by the administrator of the succession, which injunction was dissolved by a judgment of this Court, rendered in February of the present year. That the property was sold under the writ, on the 17th of the following April, and was purchased by one P. Yomce. That from the 17th of August, 1878, the defendant in this case, through her agents, went into possession of the property and occupied it and received the rents and revenues of it until it was sold as stated. The rent is charged at $75 per month. That the defendant was notified by the sheriff that she would be required to pay the rent, which she refused to do either to the sheriff or plaintiff. That, owing to certain oppositions filed in the succession of Cox, claiming a preference on the grounds of the sale made under his writ, his mortgage debt could not be satisfied out of said proceeds, and that there was a necessity for applying the revenues of the property while under seizure

to the payment of his claim, and that the full amount owing him by defendant on account of the rents and revénues of the property was $1500, for which judgment was asked. The attachment issued and a seizure was made under it, affidavit having been made to the facts of the petition, and the required bond given.

The defendant filed an exception and motion to dissolve the attachment. Among the grounds urged for the dissolution of the attachment, we find the following, in substance—being the only ones insisted on before this Court—to-wit :

First—"That the affidavit for the attachment was insufficient in law."

Second—" That the action was premature, because plaintiff does not allege that any final judgment had been rendered on the oppositions filed, and until such final judgments are rendered, *non constat*, that the plaintiff will not be paid in full out of the proceeds of the sale of the property seized."

There was judgment sustaining the motion, and dismissing the suit, with one hundred dollars damages against the plaintiff, and from this judgment the plaintiff appealed.

First—We see no defect in the affidavit. Plaintiff swore that the allegations of the petition were true. These allegations, on which he based his right to the attachment, were, that the defendant owed him the amount claimed, $1500, and that she, the defendant, resided out of the State. These facts were distinctly stated, and that was enough, so far as relates to the affidavit.

Second—In the discussion of the second ground of the motion, the counsel for defendant urge some arguments in their brief which might have much force, if the matters discussed were raised by the pleadings, but the issue presented by this part of the motion or exception, and the only one we can consider, relates solely to the prematurity of the suit, and not to the absolute right of plaintiff to the attachment nor to the cause of action.

Was the suit premature? Defendant insists that it was, and assigns as the reason for it the fact that the plaintiff had caused the sale of the mortgaged property, and that when this suit was brought the contest for the proceeds of that sale was then pending on the oppositions mentioned in the pleadings. To determine the force of the exception on this point, and the weight to be given to the argument in support of it, the allegations of the petition, as to this matter, are to be taken as true. The petition distinctly alleges that nothing had been realized from the proceeds of the sale, and that, owing to the oppositions claiming these proceeds, that his debt could not be paid out of them.

Was he bound to wait until that litigation was ended before insti-

tuting his demand for the revenues of the property accruing during the seizure? We think not.

The Civil Code, art. 466, declares:

"The fruits of an immovable, gathered or produced while it is under seizure, are considered as making part thereof, and inure to the benefit of the person making the seizure." See, also, 17 L. 203 ; 2 A. 450.

But can the seizing creditor proceed directly against a tenant of the property seized to recover the revenues accruing during the seizure, or is his recourse therefor against the sheriff?

In the case of Stockton vs. Hyde, 5 A. 300, this Court held:

"If the attaching creditor succeeds in his suit, the rents and profits during the attachment belong to him to the extent of his claim, and he may recover the same in a direct action against the tenant if he has not paid the rents to the sheriff. See, also, 21 A. 743.

We do not think that this right to receive the fruits of the seized property is suspended during the delay that may ensue resulting from the usual proceedings to effect the sale, or caused by a contest over the proceeds after the sale is made. For instance, supposing that no opposition should be made to the sale, and there should be a delay of two months between the date of the seizure and the sale, and the property was "bringing a revenue during that time," it would be the duty of the sheriff to collect this revenue and apply it to the credit of the writ in his hands, and the balance of the debt paid out of the funds realized from the sale. So, if a much longer interval should ensue from the seizure to the time of realization of the proceeds of the sale growing out of contest over the proceeds, the principle would be the same. The right to receive the revenues of the property under seizure is a right that exists in favor of the seizing creditor from the moment of seizure and continues during its existence. The seizing creditor has two sources opened to him for the collection of his debt, the revenues derived from the property whilst under seizure, and the funds derived from its sale. The natural and legal order in which these means would accrue for the satisfaction of his debt would seem to be first, from the rents and revenues yielded by the property during its seizure, if any, and then from the proceeds of its sale ; and, in the same order does the right to receive or recover these means exist. On the trial of the suit, or suits, over the proceeds of the sale of this property the plaintiff could be compelled to account for sums received from the rents of the property during its seizure, the same to be credited on his claim then in contestation. But he was not bound to wait till that litigation was ended before seeking to enforce a plain right that the law in the mean time accords to him. Should he wait till that time, the right might be lost and the effort for the enforcement vain.

Under this view of the subject, considered in connection with the allegations of the petition, we are satisfied that the motion and exception should have been overruled. Of course it must be understood that in coming to this conclusion, we are governed alone by the allegations of the petition, without regard to the record excluded therefrom, and that apart from these allegations, we decide nothing as to the right of the plaintiff to recover on the trial of the case, nor as to the existence of the facts upon which the alleged right is based; nor do we intend to affect the rights of third persons to assert their claims to the revenues of the property, as well as to the proceeds of its sale.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court is annulled, avoided and reversed, and the case remanded to that court, to be proceeded with according to law, defendants to pay the costs of appeal.