### BLOCKER v. VLAHOS (MUTUAL LIFE INS. CO. OF NEW YORK, Intervener).

### No. 4911.

Court of Appeal of Louisiana.
Second Circuit.
Feb. 5, 1935.

J. B. Crow, of Shreveport, for appellant.

E. W. & P. N. Browne and John T. Carpenter, all of Shreveport, for appellees.

TALIAFERRO, Judge.

The Mutual Life Insurance Company of New York held a large mortgage against the

Hutchinson building and lot on Texas street, in the city of Shreveport, La., under which foreclosure proceedings were instituted, and the property passed into the custody of the sheriff on June 26, 1933. Before this seizure was effected the owner of the building, by oral contract, leased a portion of the ground floor to one H. C. Vlahos at a monthly rental of $250. Sale under the foreclosure proceedings took place on October 4, 1933. The property was adjudicated to the insurance company. In September, 1933, plaintiff in the present suit secured a money judgment against Vlahos wherein a vendor's lien and privilege, and the writ of sequestration under which same had been seized, were recognized on certain chattels and equipment located in the Hutchinson building and used by Vlahos in his confectionery business therein. These chattels and equipment were then seized under fieri facias and advertised for sale and sold on November 22d. Before date of sale the Mutual Life Insurance Company, by way of intervention and third opposition, injected itself into the case and asserted that it was entitled to all rents and revenues of said building after the seizure thereof by the sheriff in its foreclosure proceeding, and that its privilege on that account was superior to that of plaintiff in execution on the seized chattels. The sheriff was required to hold in his hands the proceeds of sale of said chattels until the further orders of court. This suit of the insurance company was brought directly by it against Vlahos. The sheriff was made party thereto. There is no prayer for service on or citation of plaintiff, Blocker, but he was cited and served with copy of the petition of intervention and third opposition. He answered same. His answer is a general denial.

There was judgment for intervener for $394, with recognition of a lessor's lien and privilege on said chattels and equipment, which had previously been sold by the sheriff for an amount less than this judgment, and the proceeds were ordered paid over to intervener in preference to the claims of Blocker. Blocker appealed from this judgment.

■ The only contention urged by appellant in this court is that reflected from the following quotation from his brief: "On the trial of the case it was shown that several hundred dollars of rent had been paid by defendant during the interim between the date plaintiff made his seizure and the date of the sale of the movable property belonging to defendant. The letters filed by Mr. Stoer and others show that act. That being true, the payments of rent should have been imputed to the oldest obligations for rent, which would have taken up or more than taken up the amount claimed by third opponent and for the payment of which it claims a lessor's lien and privilege on the property seized and sold by plaintiff."

Articles 2163 and 2166 of the Civil Code, appearing under the title "Of the Imputation of Payments," are quoted in support of this argument.

We are unable to appreciate the application of this argument or the quoted law to the facts of this case.

While the Hutchinson building was in the custody of the sheriff he collected, in whole or part, the rentals due by the various tenants therein, including Vlahos. These were paid over to the foreclosing creditor, intervener herein. During the period of seizure Vlahos lacked $394 of paying all the rent due by him for that time on the basis originally agreed on between him and the owner of the building. This is the amount for which the intervener sued and for which a superior lien is asserted as against that set up by Blocker. The lessor's privilege prevails, in such a case, over that of the vendor. Civ. Code, arts. 3218, 3263. The right of the sheriff to collect the rent and apply it as was done by him is not seriously challenged by appellant. Such course is clearly justified by article 466 of the Civil Code, viz., "The fruits of an immovable, gathered or produced while it is under seizure, are considered as making part thereof, and inure to the benefit of the person making the seizure"; and by article 656 of the Code of Practice, viz., "When the sheriff seizes houses or lands, he must take at the same time all the rents, issues and revenue, which this property may yield."

■ The right of the seizing creditor to proceed directly against the tenant to recover unpaid rents, accruing while the leased property was in custodia legis, cannot be successfully assailed. Such right was recognized in Stockton v. Hyde, 5 La. Ann. 300; Lamorere v. Cox, 32 La. Ann. 1045.

The judgment appealed from is correct, and it is affirmed, with costs.