HULSE
*v.*
DORSEY.

## CITY OF NEW ORLEANS *v.* L. BOUDRO.

Where an appeal is taken by the defendant in a suit, brought by the city to recover a tax or license less than $300 under a city ordinance, it is the duty of the defendant to bring up with the record the ordinance alleged to be illegal or unconstitutional, otherwise the case presents nothing for the decision of the court and the appeal will be dismissed.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *W. O. Denègre*, for plaintiff. *J. J. Lugenbühl*, for defendant and appellant.

MERRICK, C. J. This suit is brought to recover $101 as a tax or license on the defendant as keeper of a restaurat.

The assignment of errors was not filed within the delay required by Art. 897 C P. and cannot be considered. See *Byrne* v. *Ridell*, 2 An., 11.

The defendant denies the existence of any ordinance which compels him to pay the license claimed, and further answering says, if there be one the same is illegal and unconstitutional and not adopted according to law, and that it does not apply to him.

No ordinance appears in the record in this case, neither is there any evidence certified. And as the record contains no bill of exceptions, there is nothing exhibited by the same within the appellate jurisdiction of this court.

The *existence* or *non existence* of an ordinance is a question of fact of which the District Court has (in a controversy involving less than $300) the exclusive jurisdiction. So too it is a question of fact, whether a party resides within the limits embraced by an ordinance legal upon its face. See *Board of Health* v. *Pooley, Nicol & Co.*, 11 An. 743. ; *Police Jury* v. *Villaviabo*, 12 An. 788.

It was the duty of the defendant to place on the record the ordinance which he alleges to be illegal or unconstitutional, in order that the court might decide the question of law arising upon the same. Not having done so, the case, as already observed, presents nothing for us to decide.

It is, therefore, ordered, adjudged and decreed, that the appeal in this case be dismissed at the costs of appellant.

VOORHIES, J., absent.