## No. 6758.

### CITY OF NEW ORLEANS VS. W. H. HILL.

Appeal from a judgment for $25, amount of a License tax.
This Court only has jurisdiction in such cases, when the constitutionality or legality of the tax is *in contestation.*
Defendant and Appellant has not by his Answer or otherwise put at issue the constitutionality or legality of the tax complained of.
This Court is, therefore, without jurisdiction.
Furthermore, the City ordinance imposing the tax is not in evidence; had this Court jurisdiction, it could not review the judgment appealed from.

APPEAL from the First Justice's Court, parish of Orleans. *Childress,* J.

Isaiah Tharp for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant has appealed from a judgment rendered

32  1161
44    87
44   582

32  1161
48   340

32  1161
105  765

by Paris Childress, First Justice of the Peace of the parish of Orleans, for twenty-five dollars.

The counsel for the defendant has filed in this Court a brief in which he attacks the validity of the judgment, on the ground that the city ordinance on which it was based was violative of the Constitution of the State and of the United States.

We have carefully examined the record, and find that the defendant, when sued for the license imposed by the ordinance in question, did not by his answer or otherwise put at issue the constitutionality or legality of the license, nor of the ordinance imposing it. The language of the present Constitution, which confers appellate jurisdiction on this Court, in this kind of cases, is as follows : " To all cases in which the constitutionality or legality of any tax toll or impost whatever, or any fine, forfeiture, or penalty imposed by a municipal corporation, shall be in contestation, whatever may be the amount thereof." And such too is the language of the Constitution of 1868, in operation when the appeal was taken. Inasmuch as there was no " contestation" made touching the constitutionality or legality of this license in the court of the first instance, and as that contestation arising there can alone confer jurisdiction on this Court, there is no issue or question presented by this appeal which brings the case within the jurisdiction of this Court, or which this Court can review.

Even had that question been properly raised in the lower court, we would still be without power to review the proceedings, for the reason that the municipal ordinance complained of was not offered in evidence, and is not in the record.

The appeal is dismissed at the cost of the appellant.