## No. 10,890.

### STATE OF LOUISIANA vs. FRANK CLESI.

1. In case the record discloses that there was raised in a recorder's court no contestation as to the jurisdiction of the court, nor as to the constitutionality or legality of the city ordinance under which the appellant was prosecuted, the appellate jurisdiction of this court does not attach.

2. In the absence from the transcript of the city ordinance this court has no power to reverse the judgment appealed from.

APPEAL from the Fourth Recorder's Court of the City of New Orleans. *Smith, J.*

*Henry Renshaw*, Assistant City Attorney, and *Carleton Hunt*, City Attorney, for Plaintiff and Appellee.

*Thos. F. Maher* for Defendant and Appellant.

The opinion of the court was delivered by

WATKINS, J.   Defendant being charged with selling and peddling goods within the prohibited radius from a public market of the city, and having been duly convicted and sentenced to pay a fine of $10 or in default thereof to be imprisoned twenty days in the parish prison, prosecutes the present appeal therefrom.

The prosecution arises under the provisions of city ordinance No. 4274, relative to peddling within six squares of the public markets, and it was commenced and prosecuted in the name of the State. The affidavit is in the usual form.

The defendant appeared and filed a demurrer and exception to the proceedings, on the following grounds, viz.:

1. That the prosecuting witness is not authorized by any law or ordinance to represent the city of New Orleans, whenever said city is an interested party, nor the right to sue for the enforcement of the ordinances of the city.

2. That the ordinance under which the prosecution is taken provides who are the proper officers to conduct the proceedings for its violation.

3. That he is not a peddler, either within the spirit or letter of the Ordinance 4274.

4. That his prosecution by an unauthorized person under this ordinance violates Article 1 of the Constitution.

5. That said ordinance is *" unreasonable* and    *    *    *    *not impartial."*

It appears from the foregoing that, in the court below, there was no contestation as to the jurisdiction of the court as to the constitutionality or legality of the ordinance, for a violation of which he is being prosecuted.

In State vs. Tsni Ho, 37 An. 50, this court said:   "It is obvious that the 'contestation' referred to in the Constitution must have existed in the lower court, and the fact of its *existence* must affirmatively appear on the face of the record."

The same principle is recognized in City of New Orleans vs. Hill, 32 An. 1161.

The converse of the same is announced in State ex rel. Stinson vs. Recorder, 42 An. 526.

This being the case defendant has disclosed no appealable interest in the premises.

Furthermore, the city ordinance under which the defendant is prosecuted, was not offered in evidence in the court below, and was not incorporated in the record brought up here—hence, if the case was jurisdictionally well grounded, this court is powerless to revise the judgment appealed from, in its absence.  It has been so decided frequently.  City of New Orleans vs. Hill, 32 An. 1161; City of New Orleans vs. Labatt, 33 An. 107.

But it appears from an examination of an *ex parte* motion, filed in this court by counsel for the appellant, since the date of submission, that the ordinance is now presented for our consideration.  It would be altogether irregular to take any notice of it without resort being had to *certiorari*, and in the absence of a consent obtained from the appellee.

There is nothing left for us to do but to affirm the judgment appealed from, and it is so ordered.