(57 South. 798.)

No. 18,625.

STATE ex rel. BARTHE & LEVY v. MAYOR OF CITY OF NEW ORLEANS.

(Feb. 12, 1912.)

*(Syllabus by Editorial Staff.)*

1. COURTS (§ 122*)—JURISDICTION—AMOUNT IN CONTROVERSY.

In a suit to restrain interference by the mayor of a city with moving picture shows, the petition, alleging that the value of the films and the right to exhibit them exceeds $2,000, is sufficient to show jurisdiction, though it does not separately value the possession of the films and the right to exhibit them, and the defendant does not seek to deprive plaintiff of the possession of the films.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

2. PLEADING (§ 228*)—EXCEPTION—DETERMINATION.

The exception of no cause of action must be disposed of on the face of the petition, irrespective of the allegations of the answer.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

3. EVIDENCE (§ 32*)—JUDICIAL NOTICE—CITY ORDINANCES.

The court will not take judicial notice of city ordinances.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 42; Dec. Dig. § 32.*]

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Action by the State, on the relation of Barthe & Levy, against the Mayor of the City of New Orleans. From a judgment for defendant, relators appeal. Reversed and exceptions to petition overruled, and cause remanded to be tried on the merits.

Legier & Gleason, for appellants. I. D. Moore, City Atty., and Andrew M. Buchmann, Asst. City Atty., for appellee.

PROVOSTY, J. The petition in this case reads as follows:

"The petition of the state of Louisiana, on the relation of Barthe & Levy, a copartnership, composed of Louis F. Barthe and Rudolph J. Levy, domiciled in the parish of Orleans, respectfully represents:

"That relators are engaged in the business of exhibiting moving pictures in the city of New Orleans, and for that purpose are conducting a theater at No. 126 Royal street in this city; that they have complied with all the ordinances of the city of New Orleans necessary for the conduct of such a place, and have duly paid the license, Charity Hospital charge, and procured the necessary permit to operate.

"Relators further aver that among the various films which they propose to exhibit are moving pictures showing the scenes leading up to and including the boxing contest between James J. Jeffries and Jack Johnson.

"That the said boxing contest was held at the city of Reno, in the state of Nevada, during the early summer of the past year. That the said James J. Jeffries was known as the heavy-weight champion of the world, was of the Caucasian race, whereas the said Jack Johnson was a heavy-weight boxer of the African race, and that the outcome involved the championship of the world.

"That said contest was of international im-

portance from a sporting standpoint, and was witnessed by most of the sporting celebrities of the world. That the said pictures depict, not only the progress of the contest, but also all the scenes incidental to the same, as well as those leading up to same, and are illustrated by a lecture, pointing out all the sporting characters and celebrities shown by the aforesaid pictures.

"Relators further represent that the same films have been exhibited in other sections of the United States, and that many exhibitions of moving pictures displaying glove contests have been heretofore shown in this city.

"That within the past two months moving pictures, showing the contest between the said Jack Johnson and one Stanley Ketchell, were shown in this city in Canal street, and that no untoward incident occurred as a result thereof. That the said Johnson is the same person who participated in the contest with Jeffries, and the said Ketchell was known as the middleweight champion of the world.

"Relators further represent that the theater is conducted for white people only.

"That the possession of the aforesaid films and the right to exhibit them is a valuable vested property right, and is worth more than the sum of $2,000.

"That there is no state law nor ordinance of the city of New Orleans pretending to suppress their exhibition, or warranting any interference with them whatsoever.

"That by reason of the mere fact that one of the contestants was of African blood, while the other was of Caucasian blood, the honorable mayor of the city of New Orleans believes that the exhibition of the aforesaid films to be provocative of public disturbance, and has notified your relators that he will officially prevent the exhibition of the said films, unless enjoined by the courts.

"Relators further represent that the mayor of the city of New Orleans is without official authority to exercise any right of censorship over the exhibition of said pictures, or interfere in any respect with their mere exhibition.

"That the prevention of their exhibition amounts to taking of relators' property without due process of law, in violation of the fourteenth amendment to the Constitution of the United States of America, and in violation of the Constitution of Louisiana.

"That the discrimination against pictures exhibiting pictures of people of African blood is based upon race, color, and previous condition of servitude, in violation of the thirteenth amendment to the Constitution of the United States of America.

"Relators further aver that they have no objection to the policing of their theater, so as to prevent any disturbance of the peace, if same is deemed necessary; but that a writ of injunction is necessary to prevent any interference with the orderly exhibition of the picture films.

"Wherefore," etc.

To this petition the mayor, made defendant, filed the following exception and answer:

"Now into this honorable court comes the mayor of the city of New Orleans, who, by the undersigned, the city attorney, the legal representative of the city of New Orleans, for answer to the rule nisi herein issued, commanding him to show cause why the preliminary writ of injunction should not issue herein, first pleads the following exceptions to the petition:

"(1) Misjoinder of parties, forasmuch as the state of Louisiana has and can have no interest in this suit, and is therefore improperly joined as plaintiff.

"(2) That this court is without jurisdiction ratione materiæ, inasmuch as the petition does not allege the value of the right to exhibit the said pictures in the city of New Orleans.

"(3) No cause of action.

"And further answering the rule nisi, respondent says that, acting in his official authority under the ordinances of the city of New Orleans, and for the preservation of the morality and well-being of the community, and to conserve the peace and tranquillity of the community, respondent refused, as he had done in a number of other similar cases, to permit the exhibition of moving pictures showing the prize fight between the negro, Jack Johnson, and James Jeffries, a white man.

"That by Ordinance No. 3131, C. S., it is provided that no exhibition of any kind may be given in any theater where all persons are admitted for their money without having obtained from the mayor permission for that purpose, in addition to having paid the license tax thereof. The punishment for the violation of this ordinance is the infliction of a fine of $25 for every offense.

"That by Ordinance No. 6926, C. S., the mayor of the city of New Orleans is directed 'to cause to be shut up any place of public resort whenever the maintenance of order and public safety and tranquility may require it.'

"That by Ordinance No. 1194, C. S., exhibitions of prize fighting between human beings, whenever engaged in with or without gloves of any device or design whatever, whether with or without price of admission, are declared contrary to good order and the police of the city, and are prohibited; violations of this ordinance being punishable by a fine of $25 or imprisonment for 30 days.

"That by Ordinance No. 3971, C. S., it is provided that there shall not be exposed any object whatsoever calculated to excite scandal, immorality, or disturbance of the peace or tranquility of the community. Violation of this ordinance is punishable by fine of not more than $25 or by imprisonment of not exceeding 30 days.

"That, acting under and in obedience of the said ordinances, and considering the exhibition of a moving picture of the prize fight between the said Jeffries and the said Johnson to be

immoral, debasing, scandalous, and might tend to disturb the public peace and tranquility of this city, and it being of a character anything but edifying to be witnesses [witnessed] by women and children, respondent, as aforesaid, refused to give a permit, and has ever refused to give a permit, for the exhibition of the said prize fight.

"Respondent further says that the city authorities have not and will not attempt to disturb or interfere with the exhibition of moving pictures in the theaters operated by the plaintiffs in this suit. But, unless restrained by judicial authority, will continue to prevent and defeat the exhibition of the character and kind referred to in plaintiff's petition.

"Respondent further says that, in view of the fact that respondent is acting under and by authority of municipal ordinances as above referred to, and all of which are hereto annexed and made part of this answer, the action of the plaintiffs herein is an effort to enjoin by civil process the execution of penal ordinances.

"Wherefore," etc.

The case was tried on the exceptions. That of no cause of action was sustained, and the suit dismissed. Defendant and appellee has filed an answer to the appeal, asking that the exception of want of jurisdiction ratione materiæ be also sustained.

[1] In support of this plea to the jurisdiction, the argument is that the only allegation contained in the petition as to the amount in dispute is as to the value of the possession of the said films and the right to exhibit them; and that, as the right to exhibit said films is not valued separately from the possession of the said films, and as the plaintiffs are not deprived of the possession of the films, but only of the right to exhibit them, the petition contains no positive and certain allegation of the amount in dispute.

This argument is purely specious; the possession and the right to exhibit the films go together as one and the same thing for all purposes of the plaintiffs' suit.

[2] The exception of no cause of action has to be disposed of on the face of the petition, irrespective of the allegations of the answer. The allegations of the answer will come up for consideration only when the case comes to be tried on the merits. As presented in this petition, the case is one where the mayor simply, by the virtue of his office of mayor, and without being authorized thereto by the law or by ordinance, has taken upon himself to suppress the films in question. The city charter confers upon the mayor no such authority.

[3] Whether the ordinances referred to in the answer would serve as a sufficient basis for such action, is a question to be considered on the merits. Such ordinances have not been introduced in evidence, and are not as yet before the court. For all the court knows, they do not exist. The court cannot take judicial notice of them. State courts do not take judicial notice of city ordinances. Wigmore, Ev., par. 2572, p. 3608; Hassand v. Municipality, 7 La. Ann. 495; City v. Boudro, 14 La. Ann. 303; City v. Hill, 32 La. Ann. 1161; City v. Labatt, 33 La. Ann. 107; Baton Rouge v. Cremonini, 35 La. Ann. 367; State v. Clesi, 44 La. Ann. 85, 10 South. 409; State v. Callac, 45 La. Ann. 30, 12 South. 119; State ex rel. v. Judge, 105 La. 759, 30 South. 105.

Judgment set aside, exceptions overruled, and the case remanded to be tried on merits.