NOTT ET AL. *vs.* BRANDER ET AL.

APPEAL FROM THE COMMERCIAL COURT OF NEW-ORLEANS.

It is necessary to allege and prove the endorsement by the payee of a draft, in order to entitle the holder to recover.

Whatever might have been cured by evidence or admission in the court below, cannot be assigned as error apparent on the record.

When the certificate to the record shows that it contains all the evidence adduced on the trial, the appellant may at any time call the attention of this court to any error on the face of the record; or try the case on the merits without any assignment at all.

This is an action against Brander, M'Kenna & Wright as acceptors of a bill of exchange, made payable to the order of Wm. M. Gwinn, whose name is endorsed thereon in blank. The plaintiff alleges that M. V. King & S. Nelson, at Tchula, Mississippi, the 15th June, 1836, drew their bill of exchange on the defendants, payable thirteen months after date to the order of W. M. Gwinn, who accepted to pay the same. That they did not at maturity pay it, which was protested; as by said bill and protest, *hereto annexed*, more fully appears. The defendants pleaded a general denial. The case was tried *ex parte*. The bill and protest was offered in evidence, upon which judgment for the plaintiffs was rendered for the amount of the bill sued on, with interest and damages.

The defendants appealed.

*T. Slidell*, for the appellants, assigned for error apparent on the face of the record, the following points:

1. That this cause was tried in the absence of defendants, or their counsel, without due notice, and without due setting for trial.

2. That the petition shows no ground of action, there being no allegation of an endorsement by the payee of the draft whereon suit is brought.

3. That the judgment was rendered without evidence, or if any, upon no other than the naked copy of protest, and

production of the bill, without proof of the signatures of the payee thereof.

4. That even could this court suppose, in contradiction of the record, that said payee's endorsement was proved, yet such proof was inadmissible, and could not have been legally received under the allegations of the petition, and in the absence of defendants or their counsel, who in no way assented to such admission of testimony, if such testimony were given, which they deny.

5. That defendants have been adjudged to pay costs of protest without proof thereof, or of the payment thereof by plaintiffs, and for an amount manifestly illegal.

6. That a judgment hath been rendered inconsistent with the prayer of the petition in favor of Wm. Nott & Co., a firm which, on the face of the petition had plainly ceased to exist; and who, in the judgment are stated as the plaintiffs, but who are not, in truth, the plaintiffs in the cause.

7. And now, in addition to the foregoing assignment, the defendants say that said judgment is contrary to law; hath been rendered without any sufficient or lawful evidence, and should be reversed, and a judgment for the defendants, or else of non-suit, entered.

*Strawbridge*, for the plaintiffs and appellees, insisted that the appellants could not maintain this appeal. That nothing could be assigned as error which might have been cured by legal evidence or admissions made in the court below.

2. The appeal should be dismissed, the errors being assigned too late. The appeal was filed the 9th July, and the assignment of errors on the 12th November following.

*Morphy, J.*, delivered the opinion of the court.

The defendants are sued on their acceptance of a draft payable to the order of W. M. Gwinn. The answer is a general denial. The case was tried below *ex parte*, and decided in favor of plaintiffs. After a fruitless attempt to obtain a new trial, defendants appealed.

In this court they have assigned various errors apparent

EASTERN DIST.
February, 1840.

NOTT, ET AL.
vs.
BRANDER ET AL.

on the face of the record.   Of these, it will be material to notice only two, to wit :

1st. That the petition shows no ground of action, there being no allegation of an endorsement by the payee of the draft.

2d. That no proof of such endorsement has been made in the inferior court.

I. This allegation was a most essential one, to show title in the plaintiffs.   Their counsel has contended, that the bill and protest having been annexed to the petition, defendants should be considered as having had sufficient notice of the endorsement, by which plaintiffs became holders.   He has referred us to a series of decisions in this court.   In most of them, we find it laid down, that when a paper is prayed to be made a part of the petition, it cures or corrects any variance between them, and may even convey notice of facts omitted in the petition.   Here the bill and protest were not made a part of, but only annexed to the petition.   This circumstance might not produce the same effects; but whether it does or not, it is unnecessary to decide in this case, because, admitting that it did convey notice of the endorsement, the appellants assign next :

*It is necessary to allege and prove the endorsement by the payee of a draft, in order to entitle the holder to recover.*

II. That even, if admissible under the pleadings, no proof of the transfer was made on the trial.   To this assignment it is objected, that whatever might have been cured by evidence or admissions below, cannot be assigned as error apparent on the record, and we are referred to the case of Caldwell *vs.* Townsend, 6 *Martin, N. S.,* 640.   This decision is not the only one on this point; it had been preceded by many others, upholding the same doctrine ; but an attentive perusal of them will show, that they all relate to cases where the imperfect state of the record could not enable the court to say that such evidence had not been adduced, nor such admissions made.   In the case now under consideration, we have the certificate of the clerk, that the record contains a copy of all *the proceedings, as well as of all the documents filed, and all the testimony adduced on the trial of the cause.*   With such a full and complete transcript before us,

*Whatever might have been cured by evidence, or admission in the court below, cannot be assigned as error apparent on the record.*

the appellants might well, at any time, have called our attention to any error on the face of the record. They might even have safely tried their case on its merits, without making any assignment at all. The record shows, that the endorsement by the payee to the plaintiffs has not been proved; without such proof, the judge *a quo* eried in permitting them to recover.

But the counsel for appellees has pressed upon us that a promise to pay, after maturity, is an admission of acceptance, and of the other party's hand-writing; and that, in like manner, an offer to give another bill in lieu of one already due, is an admission of the holder's title, so as to supersede the necessity of proving the endorsements or other facts; and he has cited *Chitty, Jr.* 626 ; 2 *Campbell's Reports*, 450, 474 ; *Bailey on Bills*, 496. This doctrine we would have been disposed to receive as sound, even unsustained by such high authority, because it appears to us founded in reason.

When a promise to pay, *supra* protest, or an offer to give another bill is made, a new and direct contract, in some manner, intervenes between the acceptor and the holder. The former could not, without a bad grace, control the title of the latter to the draft, after having acknowledged it by treating with him as owner. But with the evidence before us, we cannot so readily admit its applicability to the present case. Our attention has been drawn to the draft sued on. The names of the acceptors appear on the face of it in two places, in one of which the names are erased. No date is to be found in either place; nor was any necessary, the bill not being payable after sight. From this circumstance appellees' counsel would have us infer that the bill has been accepted a second time after protest, which, according to him, would amount to a promise to pay. This fact alone, unexplained by any evidence, and which, perhaps, can be accounted for otherwise, does not, to our view, warrant the inference contended for. It might be the result of some hesitation in the drawees to accept; first writing their name, erasing it, and afterwards reinstating it. But if a second acceptance had been made after protest, as pretended, the necessity or expe-

Eastern Dist.

*February,* 1840.

Nott et al.
*vs.*
Brander et al.

When the certificate to the record shows that it contains all the evidence adduced on the trial, the appellant may, at any time, call the attention of this court to any error on the face of the record, or try the case on the merits without any asignment at all.

diency of erasing the first is by no means apparent to us, nor can we divine any rational object to be accomplished by a second acceptance, when the defendants were absolutely bound by the first.

It is, therefore, ordered and decreed, that the judgment of the court below be avoided and reversed ; and that ours be for defendants, as in a case of non-suit, the plaintiffs paying costs in both courts.