PHILIP DRUMM *v.* J. H. BRADFUTE AND D. B. PENN.

In an action against the endorser of a promissory note, the petition contained no specific allegation that the defendant had endorsed the note :

*Held :*—That the note with the endorsement of the defendant on it, being made part of the petition, the petition conveyed sufficient notice to the defendant of his liability without the allegation of endorsement.

The certificate of the notary, who protests a note, that he left a notice of protest with a person who was an agent of the party on whom the demand of payment was made, is not prima facie evidence of the agency. A notary can only certify to those matters which the law provides he may certify to.

APPEAL from the Fourth District Court of New Orleans, *Theard*, J. *S. Flower*, for appellant. *T. H. Howard*, for appellee.

ILSLEY, J. The defendant, D. B. Penn, sued as the endorser of a promissory note, pleaded the general issue. Judgment was rendered in favor of the plaintiff, whereupon the defendant moved for a new trial, which, failing to obtain, he appealed.

On the trial of the case in the Court below, the defendant Penn objected to the admission of the note in evidence, and of all other testimony to prove his endorsement of the note sued on, on the ground that the petition contained no allegation that the note sued on was endorsed by him. The note and the accompanying documents, viz: the protest and the certificate of the notice of protest, were annexed to the petition as a part of it, and this, with an allegation that the plaintiff was the owner and holder of the note, would convey notice of the endorsement of the defendant, which was apparent upon the note. See *Nett et al* v, *Brander*, 14 La. 370,

It would certainly have been more regular, that the plaintiff should have specially alleged the endorsement; but as that fact was revealed by the note, which made a part of the petition, the defendant could not be surprised by the introduction of evidence to prove it.

No objection was made to the act of protest and the notice of protest, which are in proof ; but the defendant contends that it is not shown that he ever was notified of the failure of the drawer to pay the note, or of the protest, and that he is therefore discharged.

The notary's certificate reads thus :

"A notice to D. B. Penn was left at the residence of J. P. Shortridge, his attorney in fact, with a female white servant, the said Shortridge, attorney, not being in."

The Act of the Legislature of 1817, re-enacted in 1855, makes the certificate of the notary, of the manner in which he shall have served a notice of protest on an endorser, evidence of all matter therein stated; but that evidently means of all matter which it is his duty to certify, not of extraneous facts, such as of the fact of agency of a party on whom a demand is made, or a notice served. This was the view on this question taken by the Court, in *Fortier* v. *Field*, 17 La. R., in which the Court remanded the case for a new trial, because there was no other proof than the statement of the notary in the certificate, that Frey, from whom he demanded the payment of the note, was the agent of the drawer of it.

We hold this to be the correct doctrine, that the statements of notaries of extrinsic facts, in relation to demands or service of notices, in their certificates, is not even prima facie evidence of such facts, which must be proved dehors the certificate.

No such evidence was adduced by the plaintiff, and the case must be remanded.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that this case be remanded for a new trial, the appellee paying costs of appeal.