(65 South. 762)

No. 19930.

ATKINS et al. v. DIXIE FAIR CO., Ltd., et al.

(May 25, 1914. Rehearing Denied June 29, 1914.)

*(Syllabus by the Court.)*

1. BILLS AND NOTES (§ 488*)—PLEADING—PETITION—EXHIBITS.

Documents attached to and made part of a petition, and filed with it, taken together, may disclose a cause of action, although the petition alone is insufficient.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1584–1586; Dec. Dig. § 488.*]

2. BILLS AND NOTES (§ 422*)—PRESENTMENT FOR PAYMENT—WAIVER—LIABILITY OF INDORSER.

Where a promissory note contains stipulations that the drawers and indorsers severally waive presentment for payment, protest, and notice of protest and nonpayment of the note, the indorser is unconditionally liable, and to this extent he becomes an unconditional debtor.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1196–1208; Dec. Dig. § 422.*]

3. PLEADING (§ 228*) — ANSWER — EXCEPTION OF NO CAUSE OF ACTION.

An exception of no cause of action, filed after an answer has been filed, cannot modify or change the nature of the answer, or nullify its effect. The pleadings of plaintiff and defendant make up the issues of the case, which cannot be changed by either one, without the consent of the court.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 584–590; Dec. Dig. § 228.*]

Provosty, J., dissenting in part.

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Special Judge.

Action by D. M. Atkins and another, receivers of the Gibsland State Bank, against the Dixie Fair Company, Limited, and others.

From judgment for plaintiffs, defendant J. L. Baker appeals. Affirmed.

W. U. Richardson, of Arcadia, for appellant. Roberts, Goff & Barnette, of Arcadia, for appellees.

SOMMERVILLE, J. [1] A promissory note, which is alleged to be and is actually annexed to plaintiff's petition, and "which is by reference made a part hereof" and filed, discloses, when read with the petition, a cause of action against a defendant who is an indorser on the note, although the petition is loosely and vaguely drawn, and does not set out that defendant is an indorser. Drumm v. Bradfute, 18 La. Ann. 680.

[2] And where there is embodied in the note a stipulation that, "the drawers and indorsers severally waive presentment for payment, protest and notice of protest and nonpayment of this note," the indorser is unconditionally liable, and in this sense, after such waiver, he becomes an unconditional debtor. Bank v. Grant, 48 La. Ann. 19, 18 South. 705; Story on Notes, § 198; Negotiable Instruments Act, No. 64, 1904, p. 147, §§ 63, 66, 67, 82, 83, 109, 110, 111.

The note sued on having been made part of the petition, cured and corrected defects in the petition, and even conveyed notice of facts omitted in the petition. Nott v. Brander, 14 La. 368; Drumm v. Bradfute, 18 La. Ann. 680; Police Jury v. Mahoudeau, 27 La. Ann. 224; Teutonia National Bank v. Wagner, 33 La. Ann. 732; Tutorship of Scarborough, 43 La. Ann. 315, 8 South. 940; Vincent v. Frelich, 50 La. Ann. 378, 384, 23 South. 373, 69 Am. St. Rep. 436.

[3] The exception of no cause of action, filed by defendant and appellant, should have been disposed of by the trial judge, although it was filed after the answer was filed, in which answer defendant admitted and alleged matters which supplied deficiencies in the petition so as to present a cause of action.

An exception of no cause of action cannot modify or change the nature of defendant's answer previously filed, or nullify its effects. Plaintiffs and defendant made up the issues of the case in their pleadings, which could not be changed by an exception subsequently filed. St. Paul v. Louisiana Cypress Co., 116 La. 585, 40 South. 906; Doullut v. Smith, 117 La. 491, 41 South. 913.

Defendant admits in his answer "that he signed his name on the back of said note sued on, but he avers that he affixed his signature as only an indorser on the back of the note," which admission and allegation had the effect of permitting the note to be offered and received in evidence on the trial, although plaintiff failed to allege that defendant had indorsed the note.

Defendant further alleged:

"That his obligation incurred thereby was only conditional as such indorser, which conditions were that the Gibsland State Bank (plaintiff and holder of the note) must first, upon the maturity of the note sued on, make demand for payment of the Dixie Fair Company, Limited, and upon failure of payment by said maker of said note, must give legal notice of nonpayment to this indorser. But defendant avers that such demand was not made, and he avers that no notice of such demand and nonpayment was given him as required by law, by this bank or its officers. * * *

"Defendant avers that no demand was ever made on him for the payment of said note until made by plaintiff receivers. He, therefore, avers that his conditional obligation as indorser has been extinguished," etc.

The foregoing allegations permitted plaintiff to offer the note in evidence to prove that defendant had waived "presentment for payment, protest and notice of protest and nonpayment of this note," and had thus unconditionally bound himself as indorser. The objection to the evidence on the ground that plaintiff had not alleged that notice of demand and dishonor had been given to defendant, or that protest and notice had been waived by him was properly overruled. Hol-

liday v. Marionneaux, 9 Rob. 504; Riley v. Wilcox, 12 Rob. 648, 651.

Judgment affirmed.

PROVOSTY, J., does not concur as to the sufficiency of the petition, but otherwise concurs.