ROGERS, J. (concurring in the decree). Finding myself unable to agree with the majority opinion, I dissented in Mulling v. Jones, 153 La. 1091, 97 So. 202. However, the decision there is the law of the instant case, and for that reason I concur in the present decree.

=====

(106 So. 544)

No. 26178.

STATE v. AMERICAN RY. EXPRESS CO.

(Dec. 1, 1924. On Rehearing, Nov. 2, 1925. Further Rehearing Denied Nov. 30, 1925.)

*(Syllabus by Editorial Staff.)*

1. Licenses ⊚⟹7(2)—Constitutional requirement of uniformity of taxes applies only to property tax and not to license tax.

Requirement of Const. 1921, art. 10, § 1, that all taxes be uniform, applies only to property taxes, and not to license tax for priv-ilege of doing business within state, in view of article 10, § 8.

2. Constitutional law ⊚⟹70(1)—Licenses ⊚⟹5—Imposition of license by Legislature not interfered with unless clearly illegal; Legislature has power to license for regulation, revenue or other usual object.

Imposition of license is particularly a legislative function, not to be interfered with unless clearly illegal, and Legislature has power to impose such license for regulation, revenue, or any other object for which licenses are usually levied.

3. Constitutional law ⊚⟹24—Corporations ⊚⟹648—Statute providing for licensing foreign corporations differently from domestic corporations held not abrogated by omission of similar provision from Constitution of 1921.

Omission from Const. 1921 of provision of Const. 1898, art. 242, empowering Legislature to license foreign corporations differently from domestic corporations, did not abrogate or modify Act No. 127 of 1898, providing for similar licenses, in view of Const. 1921, art. 22, § 1.

4. Appeal and error ⊚⟹863—Exception of no cause of action disposed of only on face of petition and record, regardless of averments of answer.

Under Code Prac. art. 902, a peremptory exception, founded on law alone, may be filed in Supreme Court with its permission, but such exception may only be considered and disposed of on face of record and of petition, regardless of averments of answer.

**On Rehearing.**

5. Pleading ⊚⟹78—Defense that law relied on by plaintiff was abrogated need not be by special plea.

Every answer which is not a confession of judgment puts at issue law on which plaintiff must recover, and defense that law relied on by plaintiff was abrogated need not be by special plea.

6. Corporations ⊚⟹648—Statute providing for licensing foreign corporations differently from domestic corporations held superseded.

Act No. 127 of 1898, providing for licensing foreign corporations differently from domestic corporations, was superseded by Act No. 267 of 1914, §§ 18, 23, 24, 32, giving foreign corporations all rights and privileges of domestic corporations.

Rogers, J., dissenting on rehearing.

Appeal from Civil District Court, Parish of Orleans; M. M. Boatner, Judge. .

Summary proceeding by the State of Louisiana against the American Railway Express Company. From a judgment dismissing the proceeding, the State appeals. Affirmed on rehearing.

Carl C. Friedrichs, E. M. Heath, and F. F. Teissier, all of New Orleans, for the State.

Hunter C. Leake and Lemle, Moreno & Lemle, all of New Orleans (H. S. Marx and A. M. Hartung, both of New York City, of counsel), for appellee.

ROGERS, J. This is a summary proceeding instituted, under section 6 of Act 127 of 1898 as amended by Act 19 of 1900 and Act 276 of 1908, by the state of Louisiana, through its tax collector for the parish of Orleans, against the defendant, a foreign express company doing business in the state, for an additional license for the year 1922 with interest and penalties.

The defense set up in the answer is, first, that the defendant has paid its license for the year 1922 on the same basis that domestic corporations are licensed; and, second, that Act 127 of 1898 and the acts amendatory thereof had been repealed by the Constitution of 1921, and because said acts were in conflict with section 1 of article 10 of said Constitution.

The court below dismissed the proceeding, and the state tax collector has appealed.

The transcript of appeal was lodged in this court on July 30, 1923, and on March 8, 1924, defendant appeared and filed an exception of no cause of action wherein, for the first time, it attacked the constitutionality of Act 127 of 1898 and its amendments, on the ground that under the provisions of said statutes defendant is denied the equal protection of the laws and is deprived of its property without due process of law, in violation of the Fourteenth Amendment to the Constitution of the United States.

The Constitution of 1898, by article 242, empowered the Legislature to license foreign corporations differently from domestic corporations. This article was omitted from the Constitution of 1921. Plaintiff's contention, as measured by its original pleadings, is that by reason of this omission, and the requirement of section 1 of article 10 of the Constitution that "all taxes shall be uniform on the same class of subjects," the statute has become ineffective, and there is now no constitutional authority for the taxing of foreign corporations differently from domestic corporations.

[1] If this was a suit to collect a property tax, there would be considerable merit in plaintiff's contention. The provisions of section 1 of article 10 of the Constitution clearly refer only to property taxes. A license tax, not being a tax on property, is not affected by the limitation on the power of the taxing authority to impose taxes on property. Walters v. Duke, 31 La. Ann. 668. The present proceeding is essentially one to enforce a license for the privilege of doing business within the state. There is no constitutional inhibition of the right of the Legislature to impose such license. On the contrary, the Legislature, subject to certain restrictions which are set forth, is expressly authorized by section 8 of article 10 to levy such license taxes as it "may deem proper." The business conducted by the plaintiff company is not one of those mentioned in the excepted classes.

[2] The imposition of a license is particularly a legislative function, not to be interfered with except in cases of clear illegality. State v. Hammond Packing Co., 110 La. 180, 34 So. 368, 98 Am. St. Rep. 459. Hence, even without the authority of article 242 of the Constitution of 1898 or of section 8 of article 10 of the Constitution of 1921, the power resides within the Legislature of imposing licenses, whether for the purpose of regulation or of raising revenue or for any other

of the objects for which licenses are usually levied.

[3] While article 242 was embodied in the organic law, it was legislative in character purely and simply, and for that reason doubtlessly was omitted from the Constitution of 1921 in obedience to the popular demand for a short Constitution.

It is plain, therefore, that the prior action of the Legislature in imposing a license on foreign corporations by a different mode from that provided for domestic corporations has not been abrogated or modified by the Constitution of 1921. Besides, it is expressly provided by article 22, par. 1, of said Constitution, that all existing laws "not inconsistent therewith, and constitutional when enacted, shall remain in full force and effect until altered or repealed by the Legislature, or until they expire by their own limitations."

The cases of Southern R. Co. v. Greene, 216 U. S. 400, 30 S. Ct. 287, 54 L. Ed. 536, 17 Ann. Cas. 1247, and Bethlehem Motors Corp. v. Flynt, 256 U. S. 421, 41 S. Ct. 571, 65 L. Ed. 1029, are cited in behalf of respondent. Inasmuch as no federal question was raised by the original pleadings, which fact was recognized by the judge of the court below in his written reasons for judgment wherein he stated, "no point is made on the federal Constitution," it is unnecessary to consider the legal principles announced in the cited cases.

Counsel for respondent, evidently realizing the applicability of the rule and seeking to escape its effect, have attempted to raise the federal question suggested by the exception of no cause of action filed in this court.

[4] Under Code of Prac. art. 902, a peremptory exception founded on law alone may be filed in this court by permission of the court. Such exception can only be considered and disposed of on the face of the record. And it is well settled that an exception of no cause of action must be disposed

of on the face of the petition, irrespective of the averments of the answer. Lewy v. Wilkinson, 135 La. 108, 64 So. 1003; State v. Mayor, 130 La. 196, 57 So. 798; Lamorere v. Cox, 32 La. Ann. 1045; Nalle v. Baird, 30 La. Ann. 1148.

Applying these rules to the case in hand, the only portion of the record we are permitted to examine in connection with the exception of no cause of action is the original petition (rule) filed by plaintiff; and it requires nothing more than a mere inspection of this pleading to show that on its face it discloses a legal and valid cause of action.

Pretermitting consideration of the question of whether the legal principles announced in the cases of Bethlehem Motors Corp. v. Flynt and Southern Railway Co. v. Greene, cited supra, would have been controlling, or even applicable, if the defendant had specially averred on the merits in the district court that it was a foreign corporation doing business, either directly or through local agents authorized to be served with process, in the state prior to the adoption of Act 127 of 1898, and that the attempt to license it differently from domestic corporations was repugnant to the Fourteenth Amendment to the federal Constitution, the fact remains there is nothing in the petition (rule) filed by plaintiff which shows that the defendant company was in the state at the time of the enactment of the act of 1898. On the contrary, so far as that pleading is concerned, it merely alleges that the defendant company is a foreign express company, *presently* doing business within the state.

In order to consider the exception of no cause of action filed in this court by the defendant company in the light of the cited cases, we would have to judicially assume that the said company was doing business and had a resident agent within this state prior to the legislation of 1898. This we are unable to legally do.

It is our conclusion, therefore, that the respondent corporation is liable for the license to be enforced against it by this proceeding.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that the rule herein taken by Peter J. McGoey, state tax collector for the parish of Orleans, against the American Railway Express Company, respondent, be made absolute; and accordingly that the said American Railway Express Company be, and it is hereby, condemned and adjudged to pay to the state of Louisiana, through its said tax collector, the sum of $14,820 as a proper license tax for the year 1922, together with 2 per cent. per month interest thereon from March 1, 1922, until paid and an additional sum of 10 per cent. on both principal and interest as attorney's fees, with first lien and privilege upon all the property, movable and immovable, of the said respondent company.

It is further ordered that the said respondent company be and is hereby enjoined from conducting its said business until the said amounts are paid.

All costs of this proceeding to be paid by the respondent company.

### On Rehearing:

ST. PAUL, J. On February 25, 1922, defendant paid to the state tax collector a license of $180 for the year 1922, under the provisions of section 13 of Act 233 of 1920, reading as follows:

"Be it further enacted, etc., that for every * * * business * * * of , transporting money, merchandise or other articles by express or transfer, * * * the license shall be based on the gross annual receipts of said business, and shall be fixed and graded as follows, to wit, * * *

"Fifth Class—When the gross annual receipts are two hundred thousand dollars or more, and less than two hundred and fifty thousand dollars, the license shall be one hundred and eighty dollars ($180)."

Thereafter, to wit, on April 18, 1923, the tax collector took a rule on defendant to show cause why it should not pay additional license of $10 per thousand on its gross receipts from *intrastate* business for the year 1922, less a credit for said $180, under the provisions of Act 127 of 1898, reading as follows:

"Section 1. Be it enacted by the General Assembly of the state of Louisiana, that there is hereby levied an annual license tax for the year 1899 and for each subsequent year, under article 242 of the Constitution [1898], upon corporations doing business in this state but domiciled in other states of the Union or in foreign countries, as follows: * * *

"Sec. 6. Be it further enacted, etc., that for the carrying on of what is commonly known as an express business each company shall pay an annual license of ten ($10) dollars upon each one thousand dollars of gross earnings from business done wholly within this state, including the pro rata of interstate business earned within the state."

Which aforesaid article 242 of the Constitution of 1898 formerly read as follows:

"Art. 242. Corporations, companies, or associations organized or domiciled out of the state, but doing business therein, may be licensed *and taxed* by a mode different from that provided for home corporations or companies; provided, said different mode of license shall be uniform, upon a graduated system, and *said different mode of taxation* shall be equal and uniform as to all such corporations, companies or associations that transact the same kind of business." (Italics ours.)

### I.

The case was tried upon the following agreed statement of facts, to wit:

"It is admitted that the American Railway Express Company is a corporation organized under the laws of the state of Delaware, and has a general agent in the state of Louisiana for service of process; that it is engaged in various parishes throughout the state of Louisiana in the carriage of express matter; that its gross earnings during the year 1921 (1922?) from the business done by it in the city of New Orleans, amounted to $239,736; and that its gross receipts from intrastate business done in the state of Louisiana amounted to $1,340,686."

## II.

For defense to the rule, defendant urged that the license paid was the proper license due by it; and pleaded (in effect) that Act 127 of 1898, aforesaid, had been abrogated by the Constitution of 1921, which contains no such provision as the aforesaid article 242 of the Constitution of 1898, but on the contrary provides that "all taxes shall be uniform upon the same class of subjects throughout the territorial limits of the authority levying the tax." Const. 1921, art. 10, § 1, pp. 80, 81.

Thereafter the defendant set up (in *this* court) the plea that said Act 127 of 1898 was, from the beginning, unconstitutional, because same conflicted with the "interstate commerce" clause of the United States Constitution, and with the "equal protection" clause of the Fourteenth Amendment.

Again thereafter, but without any special plea, and only by way of brief and argument, defendant urged that Act 127 of 1898 was abrogated by section 23 of Act 267 of 1914 (as amended by Act 120 of 1920), reading as follows:

Section 23:

"Be it further enacted, etc., that any corporation formed in any state, territory, or federal district or possession of the United States, or any foreign country, shall be entitled to a certificate from the secretary of state, authorizing it to exercise the same powers, rights and privileges as are accorded to similar domestic corporations organized under this act, upon filing in the office of the secretary of state a certified copy of its certificate of incorporation and its articles of incorporation. * * * "

## III.

[5] If it be true that Act 267 of 1914 abrogates Act 127 of 1898, then it is needless to inquire at this time whether said act of 1898 were or were not unconstitutional from the beginning.

As we have said, defendant has filed no special plea to that effect; but no such plea was necessary. Every answer which is not a confession of judgment puts at issue the law on which plaintiff must recover; if there be no law warranting a recovery, necessarily there can be no recovery. And if the law on which plaintiff must recover be repealed or abrogated, then there is no law under which he may recover. This in no manner conflicts with the doctrine that the *constitutionality* of a law must be specially pleaded, since in such case there is a law, the validity of which must be presumed until challenged, whilst in the former case the alleged law does not exist at all, and hence courts must even take judicial cognizance thereof.

## IV.

[6] Our conclusion is that Act 267 of 1914 supersedes and abrogates Act 127 of 1898.

It is entitled "An act to prescribe the manner in which corporations of all kinds [except banking, insurance, and homestead associations] may be organized," and, inter alia, "to provide for the admission into the state of corporations formed in other states of the Union and elsewhere, and the liabilities, duties and obligations of such corporations when admitted into the state."

Section 18 of said act puts corporations so admitted into the state under the jurisdiction and control of the courts of the state, in all matters pertaining to the management or mismanagement of their affairs in this state, as completely and fully as if they were domestic corporations; even to the extent of suspending and removing the directors and officers thereof, and regulating their salaries and compensation. See, also, section 22.

Section 24 of said act makes its provisions applicable to all foreign corporations within the state except such as are engaged *exclusively* in interstate or foreign commerce.

Section 32 makes the provisions of the act applicable as well to all corporations "*organized* before the adoption of this act" as to

corporations "to be hereafter formed under this act."

And section 23, hereinbefore quoted, grants to all foreign corporations doing business in the state under the provisions of said act (i. e., all corporations lawfully within the state, except such as are engaged *exclusively* in interstate and foreign commerce), "*the same powers, rights and privileges*" as domestic corporations.

Thus it will be seen that the act could not have said in terms more sweeping than those used that foreign corporations doing business in this state (except those engaged *exclusively* in interstate and foreign commerce) should be on a footing of exact equality with domestic corporations, subject to the same duties and obligations and entitled to the same powers, rights, and privileges.

And such, in effect, we found to be the meaning of the act in Burgin Bros. v. Barker Baking Co., 152 La. 1075, 95 So. 227, wherein we said:

"As defendant company, though formed under the laws of Tennessee, is domiciled in this state, it is a 'domestic' corporation within the definition of section 23 of Act 267 of 1914, and is not subject to attachment as a 'foreign' corporation, on the ground of nonresidence."

And whilst we do not think that the omission of article 242 of the Constitution of 1898 from that of 1921 deprived the Legislature of the right to *license* foreign corporations in a manner different from domestic corporations, yet we consider that omission persuasive of constitutional approval of the manifest legislative purpose, as expressed in the act of 1914, to put foreign and domestic corporations all on a footing of perfect equality; especially as the Constitution of 1921 has now withdrawn (article 10, § 1, pp. 80, 81) the power which the Legislature undoubtedly had, though never exercised, under article 242, Const. of 1898, (not only to *license*, but also) to *tax* foreign corporations

"by a mode different from that provided for home corporations."

The district judge was of opinion that defendant was liable for such license only as would be due by a domestic corporation doing the same business, and so ruled. We think his ruling correct.

### Decree.

The judgment appealed from is therefore affirmed, reserving to plaintiff the right to apply for a rehearing.

ROGERS, J. (dissenting). This case is remarkable for the number of times appellee has shifted its defense. In the court a qua, the defense was that it had paid its license on the same basis as domestic corporations, that Act 127 of 1898 was repealed by the Constitution of 1921, and that the statute was violative of section 1 of article 10 of said Constitution, requiring taxes to be equal and uniform. In this court, defendant contended by brief, and without plea, that the statute was unconstitutional because it attempted to license foreign corporations differently from domestic corporations. Another defense, urged in argument and without plea, was that the defendant company consolidated unto, and merged with, itself all the other express companies that were in the state prior to the adoption of Act 127 of 1898, and that defendant, accordingly, was the successor to all the license tax exemptions of the consolidated companies. After argument before, and submission to, one of the divisions of this court, and when the cause had been returned, without decision, to the calendar for argument before the whole court, defendant filed an exception of no right or cause of action, based on the ground that the statute in question violated the Fourteenth Amendment of the federal Constitution. Subsequent to the granting of the rehearing, defendant filed another exception of no cause of action in which Act

127 of 1898 was attacked as being in violation of the interstate commerce clause of the Constitution of the United States. And, finally, defendant, for the first time, in its argument and brief on rehearing and without plea, set up as a further defense that Act 127 of 1898 was repealed by section 23 of Act 267 of 1914. This last-mentioned defense is the one which 'is sustained by the majority opinion, and from which I respectfully dissent, for the reasons, among others, I am setting forth herein.

In the first place, I do not think the defense which has prevailed in this court should have been considered, because it was not presented in the court below nor in the manner prescribed by law. Pleas and issues not raised in the lower court cannot be raised on appeal (Succession of Turgeau, 130 La. 650, 58 So. 497; Timberlake v. Sorrell, 125 La. 554, 51 So. 586; Ruddock Orleans Cypress Co. v. Deluppe, 123 La. 831, 49 So. 588; Griffin v. Waters, 1 Rob. 149); and a brief of counsel forms no part of the pleadings in any case (Dejol v. Johnson, 12 La. Ann. 853; Yorke & Co. v. Scott & Co., 23 La. Ann. 54). As I view it, it will not do to say a special plea was not required to properly present the issue. If the defendant claimed any rights under the provisions of Act 267 of 1914, it was its duty to make this claim in the orderly manner provided by law, setting up the essential facts in its answer or in some other adequate pleading. This was the only way in which the issue could have been raised as to the effect of Act 267 of 1914 upon Act 127 of 1898. Non constat, but under the tender of such an issue, conceding that the later act, by its terms or in its effect, repealed the earlier act, that plaintiff would not have contended and been able to demonstrate that the act of 1914 was unconstitutional and void, and that the act of 1898 therefore remained in full force and operation. In my humble judgment, the effect of the majority opinion will be to encourage

a loose method of pleading and practice, under a system which perhaps already goes too far in that direction, which will cause much uncertainty to courts, lawyers, and litigants.

In the second place, considering the contention of defendant as if it was properly before the court, I am not willing to concede that Act 127 of 1898 has been repealed by Act 267 of 1914. In this connection, it is to be observed that section 33 of Act 267 of 1914 expressly repeals many sections of the Revised Statutes and legislative acts. Act 127 of 1898 is not among those mentioned. It is true, the same section of the statute of 1914 declares that its provisions shall supersede such sections of the Revised Statutes, acts of the Legislature, and articles of the Revised Civil Code and Code of Practice as shall be in conflict therewith. But this adds nothing to the force of the repealing clause, because the same result would follow if that portion of the section had been omitted.

It is certain that the act of 1898 is not directly repealed by the act of 1914, nor do I believe that the former statute is even indirectly superseded by the latter statute. A general statute does not have the effect of repealing a special statute unless the intention to do so is clear. Act 127 of 1898 is a statute enacted for the specific purpose of authorizing the levying of an annual license tax upon foreign corporations doing business in this state. Act 267 of 1914 is a general law prescribing the manner in which corporations, except those specially excepted, may be created, and setting forth the method of carrying on their operations. As to taxes, it must be presumed that the Legislature did not intend to deprive the state of any prerogative, right, or property, unless in terms expressive or inference irresistible. Augusti v. Bank, 46 La. Ann. 529, 15 So. 74. See, also, to the same effect, Benedict v. City, 44 La. Ann. 793, 11 So. 41. Now there is nothing in the title nor in the body of Act 267 of 1914 which even remotely suggests,

much less directly declares, that under its provisions a foreign corporation, even though it may have an agent within the state for the service of process, is given the right to be classified with domestic corporations in establishing and fixing the amount of its license tax. Then how can it be said that it was the intention of the Legislature, in enacting the uniform corporation law, to repeal the special license statute adopted in 1898? The presumption is that such was not its intention, and that it did not consider that it had done so is demonstrated by the fact that as late as 1924, in the enactment of the general license law of that year (Act No. 205), the Legislature, in effect, recognized the foreign corporation license act by specifically and in terms bringing within the provisions of the act of 1924 foreign life and accident insurance companies and foreign fire and marine insurance companies, guaranty and surety companies. These provisions manifestly would have been unnecessary if Act 127 of 1898, by reason of its repeal by Act 267 of 1914, was nonexistent in the year 1924. Furthermore, this court in City of Shreveport v. Pierce Oil Corp., 141 La. 372, 75 So. 84, enforced the provisions of Act 127 of 1898. This decision was rendered in 1917, three years subsequent to the adoption of the uniform corporation statute.

It is stated in some of the many briefs filed on behalf of the appellant that the law officers of the state have not regarded Act 127 of 1898 as having been repealed by Act 267 of 1914, nor by any other statute, and that the appellee itself had recognized that the former act· was in force by paying licenses thereunder for the years up to and including the year 1920. These facts if true, and I have no reason to dispute their verity, might have been established if the present issue had been set up by a special plea in the court below and not merely by the argument and brief of the appellee on the rehearing of the cause. The importance of this feature

of the case is derived from the principle of the law of statutory construction, which accords great and almost controlling weight to the contemporaneous construction of a statute by those charged with its execution and by those who are subject to the obligations and penalties which it imposes.

The attack on Act 127 of 1898, on the ground that it violates the interstate commerce clause of the Constitution of the United States, was not timely presented, and therefore cannot be considered. The other issues raised by the defendant were disposed of by our former opinion, and I adhere to the views which we therein expressed. For those reasons, and for the reasons herein assigned, I believe that our former decree is correct, and that it should be reinstated and made the judgment of this court.