Nos. 583-660

First Circuit

———

DAVIS ET AL. v. LINDSAY FURNITURE CO. ET AL.

———

(March 5, 1930.  Opinion and Decree.)
(April 14, 1930.  Rehearing Granted.)
(June 30, 1930.  Opinion and Decree on Rehearing.)
(October 7, 1930.  Writ of Certiorari and Review Refused by Supreme Court.)

———

C. A. Battle, of Baton Rouge, attorney for plaintiffs, appellants.

Breazeale & Sachse, of Baton Rouge, and R. F. Walker, of Baton Rouge, attorneys for defendants, appellees.

ELLIOTT, J. John F. Davis and Maedell Davis, his wife, claim of Lindsay Furniture Company, a commercial partnership and firm, and J. B. Lindsay and J. K. Lindsay in solido, alleged by plaintiff to be members composing said firm, $1,057.25 in damages. Their petition alleges that on Tuesday evening, June 11, 1929, one N. B. Lindsay, agent and representative of defendants, acting within the scope of his employment, came to their house for the purpose of collecting a bill due Lindsay Furniture Company, on account of some window shades; that plaintiffs were both absent at the time he entered, but plaintiff Maedell Davis arrived while he was in the house and found him in the act of jerking the shades down from the windows, injuring some of them beyond repair; that she protested against his actions, upon which he assaulted her with a stick which broke while he was striking at her; that, after violently striking her over the head with the remaining portion held in his hand, he finally struck her in the face with his fist, knocking her across the bed, where he beat her in the face and on the neck until she was bruised and bleeding, using at the same time the vilest sort of language, etc.

The petition further alleges that Maedell Davis did not commit any offense against defendant nor their agent, and that the assault which he committed on her was in no manner provoked; that the occurrence was due entirely to the fault of the said N. B. Lindsay, defendant's agent, while acting within the scope of his employment. The petitioners allege other acts of violence and wrong conduct on the part of defendant's agent, but further recapitulation of such matters is not necessary for the purposes of the present appeal.

Lindsay Furniture Company and J. B. and J. K. Lindsay, appeared by answer filed July 2, 1929, and put at issue every important fact alleged by plaintiffs. They admit that their agent, N. B. Lindsay, went to the house of the petitioners at the time stated for the purpose of collecting a balance due them by the plaintiffs for window shades, but aver on their part that it was under a promise on part of the plaintiffs that they would be at home at the time, and either pay him the balance due on the shades, or surrender them back to the defendant; that petitioner Maedell Davis had concealed herself in the house in order to avoid meeting their agent on his arrival, pursuant to said agreement; that their agent, not finding either of the petitioners ready to pay the balance due on said account, as promised, commenced to carry out the other part of the agreement (that is, to take possession of the window shades), when the said Maedell Davis rushed into the room with a broom or mop and assaulted him therewith; that their agent did nothing more than defend himself from her assault.

Defendants, further answering, adopt and justify the act of their agent in taking down the shades and in defending himself from plaintiff's assault. They pray that the demand of the plaintiffs be rejected and that their suit be dismissed, because of the facts alleged in their answer.

On July 29, 1929, defendant filed an ex-

ception of no right or cause of action, which was sustained by the court and the suit dismissed. It is from this judgment that the plaintiffs have appealed. The ruling sustaining the exception and dismissing the suit was erroneous.

The petition of the plaintiffs, and the answering averments, adoption and justification by defendants of the acts of their agent, of which plaintiffs had complained, are equivalent to saying that he was acting within the course of his authority and employment by defendants.

The facts alleged by defendant are considered as denied by the plaintiff. Code Prac. art. 329.

. The petition and answer states a cause of action.

The exception should have been overruled and the case set down for trial on the merits.

Defendants, arguing in their brief, cite authorities and contend that the exception was properly sustained. They overlook the situation created by the answer, and do not take it into account.

For these reasons the judgment appealed from is annulled, avoided, and set aside. The exception of no cause or right of action is overruled, and the case remanded to the lower court to be proceeded with on the answer filed, as the law directs.

LECHE, J., not participating.

## ON REHEARING

ELLIOTT, J. A rehearing was granted upon the petition of the defendants in order that we might re-examine their contention, that their answer, which had been filed in this case and had supplied the deficiencies of the petition, was not to be considered in ruling on their exception of no cause of action filed nearly a month afterwards.

The exceptions in question allege that the petition sets forth no cause or right of action against defendants. We assume that the exception, to the extent that it is contended that the petition sets forth no right of action, is not to be taken seriously, that the real exception is that the petition sets forth no cause of action. There is no ground for urging that the petition sets forth no right of action.

Defendants also claim in their petition for rehearing that their answer of July 2, 1929, is that of J. B. Lindsay and J. K. Lindsay and not that of Lindsay Furniture Company.

The petition and the answer show that Lindsay Furniture Company is a commercial partnership composed of J. B. Lindsay and J. K. Lindsay, and that J. B. Lindsay and J. K. Lindsay constitute the firm.

The answer says:

"In the above numbered and entitled suit, through their undersigned counsel, now comes into court J. B. Lindsay and J. K. Lindsay, composing the Lindsay Furniture Co., made defendants in the above suit and answer plaintiff's petition as follows."

We will not undertake to quote the answer but it appears to us from the terms used that the answer was intended to be that of Lindsay Furniture Company as well as that of J. B. Lindsay and J. K. Lindsay. In acting on the appeal, we took the answer to be that of all the defendants, and we consider that we made no mistake in doing so. Considering the answer again we take it to be the answer of all the defendants and proceed to consider its effect as such in the case.

Plaintiff's averment that "one M. B. Lind-

say, agent and representative of defendants herein and acting within the scope of his employment," is but the conclusion of the pleader, and it does not sufficiently appear from the petition, taken as a whole, that M. B. Lindsay, in doing what he is alleged to have done, was acting for the defendants, in the exercise of the functions in which he was employed. If defendants' answer be left out of view, then their exceptions would be well pleaded.

But defendants' answer filed July 2, 1929, having supplied the deficiencies of the petition, taken in connection with the petition, a cause of action is stated based on the actions of defendants' agent, and issue joined as to plaintiff's right to recover damages on account of same, there remained no ground for their exception of no cause of action filed July 29, 1929, nearly a month later. An answer, when filed, becomes part of the pleadings. It stands under the Code of Practice and Act No. 27 of 1926 (The Pleading Act) on a footing of equal solemnity with the petition. It is seemingly incongruous to hold that although the petition failed to set forth a cause of action against the defendants, the defendants, having appeared and answering the petition, supplied the cause of action and joined issue with the plaintiffs as to their right to recover damages of them on account of same, that the cause of action thus appearing is not to be regarded in acting on an exception of no cause of action filed by defendants nearly a month afterwards. For us to look away from the petition and the answer and the issue thus formed, for the purpose of ruling on an exception subsequently filed, would be to permit defendants to undo what they have previously done, take back what they have previously solemnly admitted, and contravene the law which provides:

"The Judicial Confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.

"It amounts to full proof against him who has made it.

"It can not be divided against him.

"It can not be revoked, unless it be proved to have been made through an error in fact.

"It can not be revoked on a pretense of an error in law." (Civ. Code, art. 2291).

It has been long established that a party will not be permitted to deny what he has solemnly acknowledged in a judicial proceeding, nor to shift his position at will, to a contradictory one, in relation to the subject-matter of the litigation, in order to frustrate and defeat the action of the law upon it. Denton v. Erwin (Johnson, Intervener), 5 La. Ann. 18; Devall v. Succession of Watterson, 18 La. Ann. 136.

It has also been well established that, if a cause of action be established on the trial of a case by evidence received without objection, the cause, thus shown, will be acted on by the court just as if it had been formally pleaded.

The latest case that we find on that subject is Bell v. Globe Lumber Co., 107 La. 725, 31 So. 994, in which the court said (we quote from the syllabus):

"Where, however, in such a case, the exception of 'no cause of action' is referred to the merits by the court, and upon the trial on the merits the defendant, without objection, permits evidence to be introduced tending to establish facts which, if alleged, would have disclosed a cause of action, he allows the ground upon which his exception is based to be taken from under it, and thereby, in effect, allows the petition to be amended, and its defects cured."

If a cause of action thus supplied by evidence received without objection must be acted on in the decision of the case, it will be difficult to argue that one supplied by an answer can be subsequently taken

out of the case at the will of the defendants.

A situation almost exactly like that which exists in the present case is found in St. Paul v. Louisiana Cypress Co., 116 La. 585, 40 So. 906. The court said at page 590 of St. Paul et al. v. La. Cypress Lbr. Co., Ltd., 116 L. 590, 40 So. 908:

"But defendants did not stand exclusively upon their rights as defendant, and upon a denial of plaintiffs' right to recover; they went further; they pleaded over and reconvened, asking to be recognized as owners of the land and of the trees taken therefrom. They, to the extent that they reconvened, as before mentioned, became plaintiffs in a petitory action, and thereby opened the door to plaintiffs, to prove up their title to the land.

"They, plaintiffs, had the right to defend themselves and introduce evidence to prove that defendant was not the owner.

"The exception of no cause of action cannot modify or change the nature of defendant's answer previously filed, or nullify its effects. Despite the exception of no cause of action, the reconventional demand remains. Plaintiffs and defendants had made up the issues for the trial. They could not be changed by the defendant by filing the exceptions before mentioned."

In Atkins v. Dixie Fair Co., 135 La. 622, 624, 65 So. 762, 763, the court almost repeats the language used in the former case, saying:

"The exception of no cause of action, filed by defendant and appellant, should have been disposed of by the trial judge, although it was filed after the answer was filed, in which answer, defendant admitted and alleged matters which supplied deficiencies in the petition so as to present a cause of action. An exception of no cause of action cannot modify or change the nature of defendant's answer previously filed, or nullify its effects. Plaintiffs and defendant made up the issues of the case in their pleadings, which could not be changed by an exception subsequently filed."

We find cases, and defendants have cited

us to some in which the statement is made, that an answer is not to be regarded when ruling on an exception of no cause of action, but we claim that a distinction is to be made between answers which have supplied a cause of action and those that have not. It follows, of course, if the answer does not supply a cause of action, then there is ground for the exception of no cause of action, and the same may be subsequently urged.

In Picard Construction Co. v. Board of Commissioners, 161 La. 1002, 1010, 109 So. 816, 819, the court said:

"In other words, this court passes upon the exception as of the time, and in the condition in which the case was when the exception was filed, and, since an exception of no cause of action is always triable exclusively upon the face of the petition, it follows that the answer and reconventional demand are no part of the case when the exception is passed upon."

The statement about the effect of the answer, when acting on the exception, is broadly made, but after all it does not appear from the report that an answer previously filed in the case had supplied a cause of action, which the court did not regard when acting on the exception of no cause of action, subsequently filed; therefore the difference which we have mentioned apparently exists between the case and the one which we have in hand.

In State v. American Ry. Express Co., 159 La. 1001, 1005, 1006, 106 So. 544, 545, the court said:

"And it is well settled that an exception of no cause of action must be disposed of on the face of the petition, irrespective of the averments of the answer"—citing authorities which we will examine.

A rehearing was granted and on the rehearing, at pages 1009 and 1010 of 159 La.,

106 So. 547, the first opinion using the language above quoted was set aside and a different one rendered, in the course of which the court said:

"Every answer which is not a confession of judgment puts at issue the law on which plaintiff must recover; if there be no law warranting a recovery, necessarily there can be no recovery."

The report of the case does not show that the answer was filed first and had supplied a cause of action which the petition had not alleged, and that this cause of action so supplied was not regarded by the court in acting on the exception.

In Lewy v. Wilkinson, 135 La. 105, 64 So. 1003, the court went no further than to hold that an exception of no cause of action ought to be disposed of on the face of the petition alone and not referred to the merits. There was an exception of no cause of action urged, but the court did not act on it at once.

In State v. City of New Orleans, 130 La. 196, 57 So. 798, 800, the answer alleged a number of defenses seriatim, among them that of no cause of action.

The court acting on the appeal said:

"The case was tried on the exception. That of no cause of action was sustained. * * * The exception of no cause of action has to be disposed of on the face of the petition, irrespective of the allegations of the answer."

The statement that the exception of no cause of action has to be disposed of on the face of the petition irrespective of the answer is broadly stated, but the action of the lower court in sustaining the exception was reversed on the appeal and the case remanded for trial on the merits. We are not clear whether the case is an authority for or against the contentions of the defendant in the present case.

In Lamorere v. Cox, 32 La. Ann. 1045, the court said (we quote from the syllabus):

"When plaintiff's petition states that a certain document is thereto annexed and made part thereof, and in point of fact, the document has not been annexed to the petition or filed, on defendant's exception to the cause of action or sufficiency of the petition, the document should not be considered as forming part of the latter."

In Nalle v. Baird, 30 La. Ann. 1148, the court said (we quote from the syllabus):

"On the trial of the exception of no cause of action, the Court can consider only the allegations of the petition, and the exhibits referred to, and made part thereof."

The above are the cases cited in the first opinion in State v. American Ry. Exp. Co., 159 La. 1001, 106 So. 544, which on rehearing was set aside. We do not believe that the situation on which the court acted in the cases is governing as to the situation in the present case, and should be looked on as contrary to the cases in St. Paul v. Louisiana Cypress Co., 116 La. 585, 40 So. 906, and Atkins v. Dixie Fair Co., 135 La. 622, 65 So. 762.

In Jackson v. Young, 6 La. App. 854, the authority is against defendant's contention, as the court in that case followed the authority of Bell v. Globe Lumber Co., 107 La. 725, 31 So. 994.

The question having been reconsidered, and our opinion being unchanged, our former opinion and decree herein is now reinstated and made final.

LeBLANC, J. (dissenting). The majority opinion concedes that the petition, considered alone, does not disclose a cause of action, but it holds that certain admissions and allegations of fact of the answer, which was filed prior to the filing of the exception, had the effect of infusing a cause of action which otherwise was not shown to exist.

In the case of State ex rel. Barthe v. City of New Orleans, 130 La. 196, 57 So. 798, the Supreme Court decided that:

"The exception of no cause of action has to be disposed of on the face of the petition, *irrespective* of the allegations of the answer."

And later, to the same effect in the case of State v. American Railway Express Co., 159 La. 1001, 106 So. 544; again, in Picard Construction Co. v. Board, 161 La. 1002, 109 So. 816, 819, it was held that:

"Since an exception of no cause of action is always triable *exclusively* upon the face of the petition, it follows that the answer and reconventional demand are no part of the case when the exception is passed upon.".

As I construe the language in these cases, I do not think we can consider the allegations of the answer filed in the case before us without a consideration of which there is no cause of action disclosed.

For the foregoing reasons, I respectfully dissent.