## RUSSELL v. PIERCE PETROLEUM CORPORATION et al.
### No. 3940.

Court of Appeal of Louisiana. Second Circuit, Second Division.

Dec. 9, 1931.

James W. Jones, Jr., of Natchitoches, for appellant.

Breazeale & Hughes, of Natchitoches, for appellees.

### CULPEPPER, J.

This case is before the court with an incomplete record, in that the testimony has not been brought up. The absence of the testimony is apparently due to the fault of the appellant in failing to pay the court stenographer his fee for taking and transcribing same in the lower court.

Judgment was rendered on July 22, 1930, and signed July 23, rejecting plaintiff's demands. Plaintiff took an order of appeal made returnable to this court on September 8, 1930. On September 9, 1930, the transcript of the record was filed in this court, with certificate attached, signed by A. H. O'Quinn, deputy clerk, setting forth that the record contained "a full true and complete transcript of all papers filed, and testimony adduced on the trial of the case." It later developed that the certificate was erroneously written.

The case was fixed for hearing in this court for November 16, 1931. On that day appellee filed a motion to dismiss the appeal on the ground that the record was incomplete, in that it did not contain a transcript of the testimony. Simultaneously with the filing of the motion, there was also filed and attached to the record a second certificate signed by Mr. A. H. O'Quinn, the deputy clerk who signed the original certificate, setting forth that he was the court reporter who took the testimony in the trial of the case, and "that I made demand on the counsel for the plaintiff, appellee" (should be 'appellant') "to pay the stenographic fee, and same has never been paid, and I forwarded the transcript of appeal to the Honorable Court of Appeal without the transcribed evidence being a part of said record."

Plaintiff-appellant has made no appearance by counsel to argue the case or to file brief. He has filed no assignment of errors or statement of facts upon which this court can base an opinion. Nor has he asked for further time in which to have the testimony brought up.

Construing the last certificate of the deputy clerk as a correction of the first, the two together show an incomplete record, which fact is due to the fault of appellant. Appellant has had more than a year in which to pay for taking and transcribing the testimony.

Due to the fact that there is no testimony on which to base an opinion, and the further fact that appellant has made no appearance by brief or by counsel, or otherwise, we take it that the appeal has been abandoned, and same is therefore dismissed.

## SMITH v. MEYER et al. *
### No. 3947.

Court of Appeal of Louisiana, Second Circuit, Second Division.

Dec. 9, 1931.

Cook & Cook and C. D. Egan, all of Shreveport, for appellant.

Melvin F. Johnson, of Shreveport, for appellee.

DREW, J.

Plaintiff instituted this suit for the return of three mortgage notes, in the amount of $400 each, upon the payment of certain sums paid out by defendants for the benefit of plaintiff. She alleged that the three notes were secured by defendant Green through fraud and misrepresentation, which she specifically alleged. Plaintiff further alleged that defendant Marks Meyer was at the time the holder of the notes; that Ed Green and the E. D. Green Realty Company, Incorporated, were agents authorized to receive collections on said notes for Marks Meyer; and that he knew, or should have known, of the fraud practiced by his codefendant in obtaining the notes and that he acquired said notes under suspicious circumstances. She alleged that the only consideration she had received for the execution of the three notes was $480, which she itemized.

Defendants were duly cited, and made no appearance in the case, and on September 17, 1930, judgment was confirmed by default, and said judgment read and signed. On September 20th, three days later, a motion for a new trial was filed by defendant Marks Meyer, wherein he alleged that after receiving service and citation of this suit, it was agreed between him and his codefendant Green that Green would employ attorneys and defend the suit, that he relied upon the promise of his codefendant to defend the suit, which he failed to do; therefore he should be granted a new trial.

■ It is admitted by counsel for appellant that the motion contains no legal grounds for a new trial. The lower court overruled the motion, and properly so. If the courts should allow defendants to sit by and permit cases to be proved up on default against them and then, on any flimsy excuse offered, grant new trials, there would be no end to litigation. The law fixes the time for answering suits, and, unless it be shown that defendant was guilty of no laches himself, the court will not grant relief after judgment has been rendered and signed on default.

■ After the motion for a new trial was denied, defendant Marks Meyer prayed for and was granted orders of appeal to this court. Appellee filed in this court a motion to dismiss the appeal for the reason that there is no note of evidence, no bill of exception, or statement of fact in the record; therefore nothing by which this court could determine the correctness of the judgment of the lower court. The motion to dismiss will have to be overruled for the reason that the motion for a new trial overruled by the lower court is in the record and we have already disposed of it.

■ Appellant filed in this court an exception of no cause of action leveled at the petition of plaintiff, and is relying on this exception for a reversal of the judgment of the lower court as to the defendant Marks Meyer. Conceding that appellant has a right to file an exception of no cause of action in this court, the question arises as to what will be considered in passing on the exception. An exception of no cause of action timely filed in the lower court is tried on the face of the petition, admitting all allegations of the petition to be true. If filed and tried after evidence has been adduced, without objection, which enlarges the pleadings, the petition as enlarged by the evidence must be considered. In this court an exception of no cause of action, if filed in this court for the first time, must be tried upon the pleadings and record as made up, together with the petition and allegations as enlarged by the evidence admitted without objection. Davis et al. v. Lindsay Furniture Co., 14 La. App. 215, 129 So. 447; Bell v. Globe Lbr. Co., 107 La. 725, 31 So. 994; Atkins v. Dixie Fair Co., 135 La. 622, 65 So. 762.

■ We might consider that the petition itself does not set out a cause of action against the defendant appellant, and still be without right to grant the relief prayed for in said exception, for the reason that there is nothing in the record by which we might determine the correctness of the exception. It is the duty of the appellant, when there is no note of evidence, to secure a statement of facts and have same placed in the record. If the attorneys cannot agree on the statement of facts, then the law provides a way for the appellant to have the lower court to prepare one. This has not been done, and we do not know if the pleadings were enlarged by the evidence adduced in confirming

the default or not. We assume they were, for the reason that the judge of the lower court in its judgment says the plaintiff produced due proof in support of its demands.

For the reasons assigned, the exception of no cause of action is overruled.

Appellant further contends that the judgment is for more than prayed for in the petition, and is therefore erroneous. We again do not know what the testimony below would show. However, it is suggested by the attorney for appellee that the extra $125 was allowed for a payment made by plaintiff after the suit was filed to prevent the foreclosure of mortgage during the pendency of the suit.

There is no relief that can be granted by this Court. It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.