## J. B. BEAIRD CORPORATION v. JOHNSON.

### No. 4725.

Court of Appeal of Louisiana. Second Circuit.

March 2, 1934.

Melvin F. Johnson, of Shreveport, for appellant.

Dickson & Denny, of Shreveport, for appellee.

TALIAFERRO, Judge.

This suit is against W. Harry Johnson, indorser of a note of Caddo Transfer & Warehouse Company, Inc., of which he had been president. It is alleged that the note was executed in renewal of and to take up a note given by the maker which was also indorsed by said Johnson. It is also alleged that the said maker is now in receivership, as appears by suit No. 53461 on the docket of the district court of Caddo parish. The receiver is not impleaded.

An exception of no cause of action filed by defendant was sustained, and the suit dismissed. Plaintiff appealed.

The petition does not disclose the date the Caddo Transfer & Warehouse Company was placed in receivership, but as the receiver was appointed by the court in which the present suit was filed, we assume the judge of the lower court took judicial cognizance of the date of the court's order appointing the receiver. This was in March, 1930. The note sued on is dated January 13, 1931, and was due one year thereafter. It is signed, "Caddo Transfer & Warehouse Co., Inc., by W. H. Johnson, Pres.," and, according to its tenor, is an unconditional in solido obligation of the maker and indorser. It contains the same waivers and agreements as were incorporated in the notes sued on in Atkins v. Dixie Fair Co., 135 La. 622, 65 So. 762; and Bonart v. Rabito, 141 La. 970, 76 So. 166. The original note for which this one was given to renew was presumably likewise executed and of same tenor and effect.

The following excerpt from brief of defendant's counsel discloses his position on the issue raised by the exception of no cause of action: "From the plaintiff's petition it is evident that the plaintiff is not a holder for value of this note. An accommodation endorser of a note is liable only to the holder for value and does not warrant anything except to the holder for value (N. I. L. Sec. 29). Since plaintiff is not a holder for value, then the endorser is released, as he is not liable except to a holder for value. There is no maker to this note and therefore the en-

dorser cannot be held when there is no valid maker and especially when the holder is not a holder for value."

Counsel for plaintiff, in brief, states that the exception was sustained by the lower court on the theory that the suit should have been on the old or original note, and not on the renewal note, because, we assume, that defendant, as president of the maker corporation, had no right or authority to execute a note for it, not even in the form of a renewal obligation, since the maker's business and affairs were in the hands of a receiver, operating under the court's authority; and this being true, the renewal note was not a legal or binding obligation of the company, and, therefore, even though indorsed as was the old one, plaintiff was not holder thereof for value, and in due course.

It so happens that defendant is the receiver of the Caddo Transfer & Warehouse Company, maker of the note, and was so when he signed the note sued on as president of his company. It does not appear that plaintiff had knowledge that the company was in the hands of a receiver when the renewal note was accepted by it.

■ It is true that when a corporation is placed in receivership its officers as such cease to have authority to act for it. Its administration belongs to the court which acts through agents called receivers. No valid contract may be executed by a receiver unless authorized or approved by the court. If plaintiff were attempting to enforce the note against the company, after its affairs had been restored to its directors, there might be good cause to resist the suit, because of the fact that the renewal was illegally executed; but we are not facing such a situation. There is no suit against the maker. The holder is simply pursuing the indorser who is bound primarily and in solido with the maker for payment of the obligation. He was bound on the original note, and has bound himself, so far as any act of his could do so, on the renewal note. So far as concerned him personally the original obligation was renewed and he was given respite by plaintiff for another year. He negotiated the instrument to plaintiff for a valuable consideration, to wit, an additional year in which to pay it, and in doing so warranted that the instrument was genuine and in all respects what it purported to be; that all prior parties had capacity to contract; that he had no knowledge of any fact which would impair its validity or render it valueless. Section 65 of Act No. 64 of 1904.

The following appears in the syllabus of Bonart v. Rabito, supra, viz.: "Although an indorser of a negotiable promissory note may be, as to the maker, only an indorser or surety, entitled to reimbursement from the maker if the indorser pays the note, nevertheless, as to the payee, the indorser is primarily liable, in the terms of the Negotiable Instrument Law, if the note, on its face, recites that the signers, indorsers, guarantors, and sureties are liable in solido."

This holding is based upon the language of the note and sections 63 and 192 of the Uniform Negotiable Instrument Law (Act No. 64 of 1904), which we quote:

"A person placing his signature upon an instrument otherwise than as maker, drawer or acceptor is deemed to be an indorser, unless he clearly indicates by appropriate words his intention to be bound in some other capacity." Section 63.

"The person 'primarily' liable on an instrument is the person who by the terms of the instrument is absolutely required to pay same. All other parties are 'secondarily' liable." Section 192.

■ Therefore, defendant by the terms of the note sued on, being primarily bound for its payment, could be proceeded against by the holder without impleading the maker, as was done in Bonart v. Rabito, supra. This course was open to the holder of the original note, and no good reason appears why the same does not apply to the renewal, in view of all the facts and circumstances of the case.

■ There is also an allegation in the petition that the note sued on has been listed by the receiver as an obligation of the receivership, from which it may be inferred that, regardless of the lack of authority on the part of the president of the company to execute the renewal note, it has been approved for payment as a valid obligation of the receivership.

A decision of the proposition propounded by the exception may be made to rest upon a legal principle not discussed heretofore. The written evidence of a contract should not be confounded with the real and true obligation which the instrument is intended to evidence. The two are, and should be, elementally distinguishable. The obligation may subsist, though the written evidence thereof be null and void. Civ. Code, art. 1762. The original note of Caddo Transfer & Warehouse Company, indorsed by defendant, was the evidence of the obligation of both parties to pay plaintiff unconditionally a definite sum

of money on a fixed date. The obligation matured and its payment then extended one year, to witness which the renewal note was executed. When this suit was filed, the extension had also expired. There is no question about the obligation being mature; there can be no serious question, so far as defendant is concerned, that the note sued on does correctly evidence the original obligation, the first written evidence of which was probably delivered to defendant and/or destroyed. The giving of the renewal note in no way or manner changed the debt beyond postponing the time for its payment.

The following quotation from 8 Corpus Juris, p. 443, we think, correctly covers the law on this point: "Extinguishment of Old Debt. Where a note is given merely in renewal of another note and not in payment, the renewal does not extinguish the original debt nor in any way change the debt except by postponing the time for payment; and as a general rule the holder is entitled to the same rights and remedies as if he was proceeding on the same note."

For the reasons assigned, the judgment appealed from is set aside, and this case is remanded to the lower court for further proceedings, as authorized by law. Costs of appeal to be paid by defendant.