### J. B. BEAIRD CORPORATION v. JOHNSON.
### No. 4919.

Court of Appeal of Louisiana. Second Circuit. Feb. 5, 1935.

Dickson & Denny, of Shreveport, for appellant.

Melvin F. Johnson, of Shreveport, for appellee.

DREW, Judge.

This is the second time this case has been before us. Plaintiff sued defendant, indorser on a note of the Caddo Transfer & Warehouse Company, Incorporated, of which defendant had been president. It alleged the note had been executed in renewal of and to take up a note given by the same maker, which was also indorsed by defendant. The maker is not sued, neither is the receivership impleaded, although it is alleged that the maker is in receivership.

An exception of no cause of action was filed, tried, and sustained by the lower court. On appeal to this court, we reversed that judgment and remanded the case for trial on its merits. 152 So. 789.

Defendant answered denying the material allegations of plaintiff's petition; denying that he was receiver for the maker of the note; denying there was any consideration given for the note; and further alleging there was no maker of the note, and that the receiver had already recognized plaintiff as a creditor of the receivership long prior to the giving of the second note. He further alleged that he was only an accommodation indorser.

■■ All of the principal defenses set up in the answer were urged in the trial of the exception of no cause of action and passed on adversely to defendant in our former opinion, cited supra. On the trial on the merits, plaintiff offered the note, the signature of defendant thereon not having been denied, and rested. Defendant offered the receivership record and, although allowed filed by the lower court, was not filed and is not a part of the record in this case; the said receivership record never having been placed therein. Defendant offered no other testimony. The president of the plaintiff corporation was then sworn and testified that the original note of the same amount had been exchanged by him with the defendant herein for the present note sued upon, and that the note sued on here was given to him by defendant in person. This is all the evidence that was taken on trial of the case on the merits.

The lower court rendered judgment for plaintiff as prayed for, from which judgment defendant perfected this appeal.

It is clear from the evidence heard on the trial on the merits that defendant has offered no defense and that the judgment of the lower court is correct. It is therefore affirmed, with costs.