No. 2934
Second Circuit

---

DICK v. POLICE JURY OF BIENVILLE PARISH, ET AL.

---

(November 10, 1927. Opinion and Decree.)
(December 21, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest—Roads, Bridges and Ferries—Par. 4.
   Under Section 27 of Act 95 of the extra session of 1921 the land owner can recover damages on account of the destruction of his improvements in locating the road against the highway commission, but not against the police jury if it had nothing to do with the road's construction.

Appeal from the Second Judicial District Court of Louisiana, Parish of Bienville. Hon. John S. Richardson, Judge.

Action by Thomas C. Dick against Police Jury of Bienville Parish, et al.

Plaintiff appealed from the judgment rejecting his demand against the Police Jury and defendant Highway Commission appealed from the judgment against it.

·Judgment affirmed.

E. E. Kidd, G. M. Wallace, of Arcadia, attorneys for plaintiff, appellee.

W. D. Goff, Arcadia, and W. M. Barrow, Baton Rouge, attorneys for defendants, appellants.

ODOM, J. This is a suit against the Police Jury of Bienville parish and the Louisiana Highway Commission to recover $156.00 for the destruction of plaintiff's property caused by the location of a new highway across his land. There was judgment in the lower court rejecting plaintiff's demand against the Police Jury but giving him judgment against the Highway Commission as prayed for.

Plaintiff appealed from the judgment rejecting his demand against the Police Jury and defendant Highway Commission appealed from the judgment against it.

OPINION

The plaintiff sold to the Police Jury of Bienville parish a right of way across his land for the building of a new gravel highway. The highway was built by the Louisiana Highway Commission through the Lafayette Construction Company, contractor. In locating the highway on

plaintiff's land a considerable portion of his fence was destroyed, and he brings suit to recover the actual cost to him of replacing the fence.

In the case of Allison versus the same defendants, No. 2933 on the docket of this court, this day decided, we discussed at some length the law applicable to cases of this kind and held that the plaintiff in that case was not entitled to recover.

But the facts in the Allison case were that in the location of the road by the Highway Commission none of plaintiff's property was destroyed, his claim being for the cost of constructing new fences on either side of the new road, these new fences being necessary because the road ran through his field.

In the case at bar, the proof shows that in locating the road on plaintiff's land some of his fence was pulled down and about 350 yards of it burned, leaving his crop exposed. His suit is for the damage done to the improvements on the land in locating the road and not for fencing the right of way, as in the Allison case. Plaintiff testified that he had been damaged in that respect $156.00, and his testimony is not contradicted but is corroborated by that of Mr. R. C. Deas, his manager.

Compensation for such damage is especially provided for in Section 27 of Act No. 95 of the extra session of 1921, which reads in part as follows:

"If any improvements of the land owner or any crops upon the land are damaged or destroyed, by the location of such highway, then such owner may recover additional compensation for the actual injury or destruction of such improvements or crops."

In addition to this, plaintiff testified that it was definitely understood and agreed that whatever fences on his property might be removed or destroyed by the location of the road were to be replaced. He says that the right of way deed was sent to him and that he refused to sign it because there was no provision in it for the replacement of his fences, and that he was then assured that it was the custom to replace fences removed or destroyed and that such would be done, whereupon he signed the deed. This testimony was admitted without objection and is not disputed.

Under the proof administered and the law, above cited and quoted, plaintiff is entitled to recover the amount of his damage.

The Louisiana Highway Commission set up in answer that under the contract which it had with the Police Jury, the Police Jury was to provide the right of way for the road and that if any damage has been occasioned plaintiff, the Police Jury and not the Highway Commission is responsible therefor.

The damage sustained by plaintiff was not on account of the right of way across his land but on account of the destruction of his improvements in locating the road on the right of way.

The Police Jury obtained the right of way for the road. The road is a part of the general highway system which the Highway Commission was authorized to build under the act (Act No. 15 of 1921). It was a state project, built under the control and supervision of the Commission. The Police Jury had nothing to do with its construction.

The General Highway Act (Act No. 95 of 1921, Section 27) gives the land owner a right to sue for damages. It provides:

"After the Commission has laid out a road over a certain tract of land, and the

contract therefor has been let and begun work thereon, the land owner shall not be entitled to prevent or retard the construction of the road by any legal process but shall be remitted to an action for damages."

The judgment appealed from is affirmed.