## McCONNELL v. HARRIS CHEVROLET CO., Inc.

### No. 4478.

Court of Appeal of Louisiana.
Second Circuit.

April 28, 1933.

W. D. Cotton, of Rayville, for appellant.

Todd & Todd, of Bastrop, for appellee.

TALIAFERRO, Judge.

Plaintiff alleges that he purchased from defendant a Chevrolet automobile on August 10, 1931, for the price of $475, and delivered to it his own secondhand car at an agreed value of $325, which was credited on said purchase price, leaving him due thereon $150. Article III of his petition reads as follows: "That your petitioner purchased this said automobile through one C. D. Henderson, duly authorized agent and representative of the said Harris Chevrolet Company, Inc., That for the unpaid balance due on the said automobile your petitioner executed his three certain promissory notes each in the amount of $65.00 and payable during the months of October, November, and December, 1931. That your petitioner paid, and said amount was included in the purchase price of the said automobile, an amount of $20.00 for interest and 'carrying charges' and your petitioner paid the sum of $25.00 for which the Harris Chevrolet Company, through its aforesaid agent, agreed to insure your petitioner's automobile for a period of one year against loss occasioned by fire, theft and collision or upset. That the execution of the said three promissory notes each in the amount of $65.-00, or a total of $195.00, covered, according to the representation made by the said agent, the balance of $150.00 due in principal, $20.00 for interest and carrying charges and $25.00 for fire, theft and collision insurance on the said automobile. Your petitioner further avers that he has paid the said notes in full, according to their tenor."

He further alleges that on or about March 25, 1932, said automobile was damaged as a result of a collision and upset occasioned through no fault of his, to the amount of

828 · ■ ■

$154.55, which was expended for repairs necessary to recondition the car; that a short time after said collision he wrote defendant to ascertain the name of the insurance company with whom the collision or upset insurance had been effected, and was informed by them that insurance against loss from fire and theft only had been taken out for him, and sent to him the insurance policy, which was the first time he had seen it.

He also alleges that, had defendant effected the collision and upset insurance on his car, as they agreed to do and for which he had paid the premium, he could have recovered the amount of the damages to the car above mentioned, less the "usual deductible amount of $50.00"; and, as a result of defendant's failure to effect said insurance, he has been damaged by it to the extent of $104.-55, for which he sues.

Defendant, in same pleading, filed an exception of no cause or right of action and a plea of estoppel. The exception was overruled, the plea was sustained, and plaintiff's suit dismissed.

Plaintiff prosecutes this appeal.

Defendant, by answer to the appeal, urges that the exception of no cause of action and of no right of action be sustained and the judgment of the court a quo be thus amended.

■ The plea of estoppel is based upon the following averments of fact therein: That the sale of the automobile to plaintiff by defendant is in writing, signed by the plaintiff, a certified copy of which is attached to the plea, and that his petition contradicts the written contract of sale, and is an attempt to contradict, change, amend, or alter a written contract by parol testimony, which "he is estopped from doing by law, equity and good conscience."

It is admitted that plaintiff signed the contract of sale referred to. That instrument shows that the price of sale of the car to defendant was $520, of which amount $325 is recited to have been paid cash, and one note of $195, payable in three installments of $65 each, was executed by the purchaser to represent the balance due on said price. This note is secured by vendor's lien and mortgage stipulated in said act of sale. The only reference to insurance therein is the following: "Vendor may insure said property against fire and theft to properly protect purchaser, seller and seller's assignee. Purchaser agrees to pay the premium upon demand and that on failure to do so payment of said premium shall be secured by this mortgage. The proceeds of any insurance, whether paid by reason of loss, injury, return premium or otherwise, shall be applied toward the replacement of the property or payment of this obligation, at the option of the vendor."

The plaintiff's contention, as we understand it, is this: Defendant agreed and obligated itself, as a concomitant of the sale of the automobile and the giving of the mortgage to secure a part of the purchase price, that it would effect or take out fire, theft, and collision or upset insurance on the car for plaintiff's protection, and that he paid to defendant the premium for such insurance by including the amount of same.in the purchase price note; that the consideration or price of the sale, as expressed in the written instrument, is a misstatement of the true price and consideration, and is legally subject to explanation so that it may be shown for what purpose and for what insurance protection the additional amount of $25, covered into the purchase price note, was paid.

Defendant's position is that, by signing the written contract of sale and mortgage, which clearly and unambiguously states a consideration, and the manner, terms, and method of its payment, plaintiff is precluded and estopped, by parol testimony, from traversing, contradicting, or explaining same.

■ The petition does not declare whether the sale of the car to plaintiff was in writing or not. It simply sets up that defendant agreed to take out collision or upset insurance on the sold automobile, which was not done, was paid the premium therefor, and, as a result of defendant's failure to comply with its agreement, plaintiff has sustained loss in the amount sued for. The exception of no cause or right of action has to be tried, considered, and disposed of, when filed in limine, from the contents of the petition and attached exhibits, if any there be. Evidence is not admissible in support of or against such exception. In this case the written contract of sale, a copy of which was attached to defendant's exception of no cause or right of action and the plea of estoppel, cannot be given consideration in passing on the exception. The petition on its face does disclose a cause of action, if the facts set forth therein be true, and, for the purpose of determining the potency of the exception, such facts must be taken as true. The ruling of the lower court in overruling the exception is correct.

■ The rule that one is forbidden by law to contradict his written declarations, in the absence of allegations of fraud, error, etc., is not without its exceptions. It has frequently been held that a consideration, different from that expressed in a sale, or other commutative contract, could be shown by parol testimony. Civ. Code, art. 1900. It is not regarded that such testimony contradicts or alters the contract between those signing same in its material aspects, but simply affects the details of a part of the contract, the adequacy or sufficiency of which, it is not contended, does not exist. Queensborough Land Co. v. Cazeaux, et al., 136 La. 734, 67 So. 641, L. R. A. 1916B, 1201, Ann. Cas. 1916D, 1248.

In Succession of Rhodes, 164 La. 495, 114 So. 107, 109, the effort was made to show by testimonial proof the various items, which contributed to or comprised the consideration expressed in a written contract and an act of sale consummated pursuant to its terms. The objected to evidence was admitted by the lower court, which was sustained by the Supreme Court, in the following language:

"We find no sound objection to the admissibility of the parol evidence admitted in the case to show the various items which composed the $6,500. This additional sum is agreed upon by Brown and Mrs. Rhodes in their written contract as to the purchase of the property.

"The purpose of the testimonial proof was not to invalidate the written agreement between Brown and Mrs. Rhodes, or the subsequent act of sale made between the same parties, but was merely to show the true consideration for same, and was clearly admissible for that purpose. R. C. C. art. 1900; Loranger v. Citizens' National Bank of Hammond (No. 26291 on our docket) 162 La. 1054, 111 So. 418."

In Landry v. Landry, 40 La. Ann. 229, 3 So. 728, the lower court had before it what purported to be a cash sale, but allowed evidence to be introduced by those claiming the benefit of such purported sale, to prove that the true consideration of the conveyance was the obligation on the part of the grantees to take care of and provide for the grantor, their father, and their mother, so long as they lived. The contest arose after the death of both parents. The Supreme Court sustained the ruling of the trial court admitting such evidence, which proved a consideration entirely different from that expressed in the act.

In Jean Marie Saramia v. Jean Courrege, 13 La. Ann. 25, the vendor in an authentic act of sale reciting that the purchase price had been paid "in current money," was allowed to establish by testimonial proof that the price had not been so paid, but that the purchaser, prior to the sale, had given the vendor his note to represent a part of the purchase price.

In Morris et al. v. Monroe Sand & Gravel Co. et al., 166 La. 659, 117 So. 763, 764, the court broadly lays down the rule we are following, viz.: "The rule is well settled that the real and true consideration may be shown where a consideration is expressed, even though such consideration be different from the one expressed in the instrument."

Corpus Juris, verbo "Estoppel," page 1093, we think, lays down the correct rule regarding this question: "According to a few early cases the recital of consideration in a deed is conclusive. The true rule, however, would appear to be that the recital is binding for the purpose of giving effect to the operative words of the deed, and that the grantor may not question the reality or adequacy of the consideration for the purpose of defeating the conveyance; but that for any other purpose it may be shown that the consideration was not paid in whole or in part, or that it was not paid as expressed in the deed but in some other manner. 'A receipt is always open to explanation, and this acknowledgment, although under seal, is nothing more than a receipt, for the seal gives it no additional solemnity.'"

The reports contain many other cases wherein was involved the right to introduce evidence to establish a consideration different to that expressed in written instruments of sale, or to explain same. The jurisprudence is not uniform on the subject, however, but, as stated by the court in the Queensborough Land Co. Case, supra, the acknowledgment of payment of the price is merely in the nature of a receipt, which can be explained by parol testimony without doing violence to the inhibition against reception of testimonial proof that will alter, contradict, or vary the terms of a written act.

In the instant case, so far as the sale of the car and the payment of the price thereof is concerned, we are dealing with an executed contract. Evidence admitted to support plaintiff's allegations of fact cannot possibly disturb the situation of things as fixed by the literal compliance with the terms and conditions of said contract. All plaintiff desires to do is to be given an oppportunity to establish, if he can, that, independent of the sale, mortgage and vendor's lien, executed by him and defendant, there was a verbal agreement between them whereby defendant was to secure a certain form of insurance on the car, primarily for his protection, not mentioned in or permitted by the written contract, and that he paid the premium by incorporating the amount thereof in the purchase, price note executed by him, and which has been extinguished by payment, according to its tenor. We think he has the right to do this.

For the reasons herein assigned, the judgment of the lower court overruling the exception of no·cause and no right of action is affirmed; but, in so far as it sustains defendant's plea of estoppel, is annulled, avoided, and reversed, and this case is now remanded to the lower court for further proceedings in accordance with law and the views herein expressed. Costs of'appeal to be paid by defendant; all other costs to await final disposition of the case.