The plaintiff alleges that he is the owner of 75 acres of land in Vernon Parish and prior to March, 1939, the police jury of that parish had built a graveled road over his land on a 60 foot right-of-way; that during said month, the Louisiana Highway Commission, through its officers and agents, and by false promises and without disclosing the purposes and objectives to be obtained, induced him to sign a certain document called a right-of-way deed wherein the Commission purported to acquire additional rights-of-way across his land on both sides of the pre-existing 60 foot right-of-way, making the right-of-way for some distance 200 feet wide, 140 feet wide at another distance and 80 feet wide for the remainder of the distance. The said right-of-way deed is annexed to the petition, together with a map showing the lines and widths of the right-of-way granted in said deed. Article 8 of the petition then sets out the following:
"The plaintiff would show that the above named document is null and void for the following reasons:
"(a) The Highway Commission represented to him that the granting of additional right-of-way would enure to his use and benefit, while in truth and fact it has destroyed his property, causing him damages hereinafter set out.
"(b) That it was given without any consideration or compensation whatever.
"(c) That his signature was induced because he was told by the agents of the Highway Commission that he would be paid for his pecan trees; and that his fences would be properly rebuilt on the front of his premises, on both sides of the highway, in such way as to give him a front to his premises, neither of which promises has been met.
"(d) That in taking his signature, he was not told, neither did he contemplate, that the said Commission was going to take the additional strips of land, excavate them to a depth of ten feet on the West end, to a depth of four feet on the East end, clear across his property on both sides of the road, and use his dirt in building a dump or fill over the swamp or low place to the West of his place, in the construction of a public highway."
Plaintiff then alleges that he has been damaged in the sum of $1,275 for loss of seven pecan trees on the right-of-way at $25 each; loss of 2,000 or more cubic yards of dirt excavated from the right-of-way on his property and taken to another place to make a dump and the sum of $500 for inconvenience and damage to his place by reason of deep ditches in front *Page 238 
of his house, cutting off his barn across the road and making it inconvenient for him to use his place. The further allegation is made that the Commission let the contract for constructing said highway to Barber Brothers Contracting Company who did the work and who are joined in the suit as defendants.
Barber Brothers Contracting Company filed an exception of no cause or right of action which was overruled. Both defendants filed answer denying any liability to plaintiff for damages. They admitted the building of the highway under the contract between the Commission and Barber Brothers Contracting Company and averred that the contract was carried out in a proper manner, and further set up the validity of the right-of-way deed from the plaintiff. The Commission in answering Article 8 of the petition above quoted averred that the deed recites that the right-of-way was granted in consideration of the benefits and advantages accruing to plaintiff by reason of the location of the road on his premises, and denied the allegations in said article.
When the plaintiff undertook to testify as to what the representatives of the Highway Commission promised him that the Commission would do in protecting his property, draining his land and paying him for his fruit trees, objection was made to the evidence on the ground that it would vary and contradict the deed and no fraud or error was charged in the petition. The objection was sustained, and as plaintiff offered no further evidence, a judgment of nonsuit was entered, from which plaintiff has appealed. The defendant Barber Brothers Contracting Company answered the appeal and asked that their exception of no cause or right of action be sustained.
We have no hesitancy in saying that the exception of Barber Brothers Contracting Company should have been sustained. The petition shows that Barber Brothers Contracting Company constructed the road under a recorded contract with the Highway Commission, and nowhere in the petition is it alleged that they violated their contract, or were guilty of any negligence. It is not charged that the contractors had anything to do with the alleged false promises made by the agents of the Commission in getting the right-of-way deed from plaintiff, nor that they violated any promises or breached any duty that they owed the plaintiff.
The suit was brought under Act 362 of 1940 authorizing plaintiff to sue the Highway Commission "upon his claim for damages resulting from the alleged trespass on and damage to lands and property as a result of the alleged negligence of persons employed by the Louisiana Highway Commission, in the construction of the Rosepine-Chasmore Highway" etc.
The right-of-way deed which plaintiff signed recites that it is given in consideration of the uses, benefits and advantages accruing to him by reason of the location of the Rosepine-Chasmore Highway. As a further consideration for granting the right-of-way the deed recites that the Commission is to remove and relocate all fences in the right-of-way granted to the new right-of-way line as per plans between survey stations mentioned, and to construct and maintain over and across the lands of grantor such drains and ditches as may be shown on the plans or as may be necessary for the proper construction and maintenance of this highway. The deed contains the further provisions that the right-of-way is granted for the construction and maintenance of the above named highway, and for such other purposes as may be authorized by laws of this state, and the grantor waives and abandons all claims for damages on account of the exercise of the privileges granted.
The false promises which the agents of the Commission are alleged to have made to plaintiff were that he would be paid for his pecan trees and his fences would be properly built on the lines of the new right-of-way; that he was not told by them that deep ditches would be dug on his property and between his home and barn and the dirt taken to another place to build a fill, thus damaging his place instead of improving it as he was led to believe the building of the road would do.
As the right-of-way deed itself states that the Commission is to remove and replace all fences on the right-of-way lines, and as Article 8 (c) of the petition alleges that this was not done, plaintiff should be permitted to show that he has suffered damage on this score because of a failure to build these fences, regardless of whether or not fraud is alleged or proved.
The alleged false promises made by the agents of the Commission could not be classed as fraud as the mere failure *Page 239 
to do what one promises in order to induce another to sign a contract is not fraud but a mere breach of promise, a failure to do what is promised, or doing it in a way different from the promise. If the Commission promised to pay plaintiff for his pecan trees and promised that no large ditches would be cut in front of his house and on his premises so as to damage his place instead of improve it, these promises could be shown by parole in order to show that the consideration failed because of the acts of the Commission. A consideration different from or in addition to that expressed in the written contract may be shown by parole. See McConnell v. Harris Chevrolet Co., Inc., La.App., 147 So. 827 and cases there cited. So, if as is alleged, the Commission has done something, or failed to do something, by reason of which the consideration which was to inure to the benefit of plaintiff has failed or been impaired, plaintiff has a right to show this by parole.
When the deed says that the consideration for the granting of the right-of-way is the benefits and advantages to accrue to plaintiff by building the road on his land, he should not be prevented from showing by parole that he received no benefits because of the acts of the Commission in digging deep ditches on the land and hauling the dirt elsewhere as nothing is said in the deed about taking dirt off his land for use at some other place. Dirt has to be purchased or expropriated by the Commission the same as a right-of-way. § 27 Act 95 of 1921 (E.S.) as amended. Dart's Stat. 3581.
We are of the opinion that plaintiff should be permitted to prove by parole evidence, if he can do so, whether or not the consideration in the deed has failed because the Commission has cut large ditches on his premises and used the dirt therefrom elsewhere, destroyed his pecan trees, failed to replace his fencing and has thereby destroyed or impaired any benefits and advantages which were to accrue to his property by reason of the location of a paved highway on it, as was contemplated by him and as was expressed in the deed which he signed. Certainly, the Commission would have no right to do anything it saw fit to do with the right-of-way regardless of how it might damage and injure plaintiff's property just because the right-of-way deed recited that the consideration to plaintiff was the benefit he would derive from building the highway on his land, and because plaintiff waived in the deed any damage which might be caused from building the highway. He not only had a right to assume that the Commission would do the things it promised to do so as to make these expected benefits and advantages mean something to him and his property, but he had a right to assume that in building the road over his land the Commission would not use his dirt for other fills without any compensation to him and unnecessarily damage his property in the construction of the road. Dick v. Police Jury et al., 7 La.App. 331.
For the reasons assigned, the judgment appealed from is avoided, annulled and reversed, and it is now ordered that the exception of no cause or right of action filed by Barber Brothers Contracting Company be and the same is hereby sustained, and the plaintiff's suit as to said company is hereby dismissed; that the case as to the Louisiana Highway Commission be and the same is hereby remanded to the lower court to be proceeded with in accordance with law and the views herein expressed; cost to await the final termination of the case.