The plaintiff alleges that it is the holder and owner for a valuable consideration before maturity of a certain promissory note executed by the Merchants Farmers Selling Association for the sum of $1,075, dated February 4, 1936, due one year from date, payable to the order of plaintiff, with interest at the rate of 8 per cent per annum from date, and providing for ten per cent attorneys' fees; that said note was endorsed before delivery by S.B. Easterly and Ernest *West Page 74 
S. Easterly. The note is annexed to the petition and made part thereof.
This suit is against Ernest S. Easterly alone to recover the amount of the note, interest and attorneys fees, with reservation by plaintiff of any rights it may have against "the Merchants 
Farmers Selling Association and the heirs of S.B. Easterly, who is now deceased".
The principal defense set up by defendant Easterly is that there was no consideration flowing from plaintiff to the maker of the note, the Merchants Farmers Selling Association, a corporation, hereafter called the Association; that said Association owed plaintiff nothing and received no consideration whatever for said note; that said note was and is not a binding and enforceable obligation against said maker and, accordingly, defendant Easterly, as endorser, cannot be held liable on a note which is invalid for lack of consideration to the maker.
The answer of Easterly sets up in detail the reason for his endorsement of said note, in substance, as follows: that in June, 1931, the plaintiff sold to S.B. Easterly and this defendant certain property in Denham Springs for a consideration of $12,000, of which amount the sum of $4,000 was paid in cash, and for the balance of $8,000, the two Easterlys executed six notes, secured by vendor's privilege and special mortgage on the property, which notes matured annually over a period of six years, with interest of eight per cent per annum from date until paid; that said S.B. Easterly and defendant became financially involved and were unable to pay said mortgage notes, and after four of the notes had matured, the plaintiff demanded that the property be retransferred to it without allowing them any credit for the cash payment made on the property, and in addition thereto, that said S.B. Easterly execute and deliver to it a note of the said Association, endorsed by S.B. Easterly and defendant herein, Ernest S. Easterly, said re-transfer to extinguish and cancel all indebtedness on account of the mortgage and vendor's privilege notes which they had given in the purchase of said property.
As a further reason for endorsing the note herein sued on, defendant alleges that he and S.B. Easterly were indebted to a local bank in a large amount which they were unable to pay, and that this bank was controlled by the plaintiff, and he feared that plaintiff would induce said bank to press him and S.B. Easterly on said indebtedness unless he and said S.B. Easterly re-transferred to plaintiff the property which they had purchased from it and endorsed the note for $1,075 herein sued on.
And as an alternative defense, the defendant alleges that if there was ever any liability on the part of said Association on said note (which liability is denied for the reason, as stated, that no consideration was received therefor and for the further reason that S.B. Easterly was never authorized to issue the note for said Association) then any liability on account of said note has been discharged by reason of the dissolution and liquidation of said Association as a corporation in 1938, as no claim was urged by the plaintiff herein during the process of said liquidation which was carried on according to law and by giving notice to all creditors.
From a judgment in favor of plaintiff against the defendant for the full amount of said note, interest and attorneys fees, the latter has appealed.
The note which forms the basis of this suit contains the following promise on its face: "One year after date, I, or we, the signers, endorsers, sureties, or any of us, promise in solido to pay to the order of W.F. Brown Sons, Inc., Amite River Bank, Denham Springs, La. one thousand seventy five no/100 Dollars, for value received, with interest from date at the rate of 8 per cent per annum, with all cost of collection, including ten per cent attorneys fees". The note is signed "Merchants Farmers Selling Assn, By S.B. Easterly", and is endorsed on the back by S.B. Easterly and this defendant.
Under the terms of the note above quoted the defendant made himself primarily and unconditionally liable for its payment as to the payee and holder to the same extent and in the same manner as though he had signed on the face of the note as a maker. Bonart v. Rabito, 141 La. 970, 76 So. 166; Continental Bank 
Trust Company v. Bouterie et al., La.App., 169 So. 812; Section 192 of Act 64 of 1904, the Negotiable Instrument Law.
This defendant is therefore bound on the note to the same extent as a maker or principal. He has not pleaded lack of consideration flowing to him to support the obligation on his part as one primarily and unconditionally bound for the payment of the note. "Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration; and every person *West Page 75 
whose signature appears thereon to have become a party thereto for value". Section 24 of Act 64 of 1904, Dart's Gen.Stat. 813.
Even though the maker of the note might not be liable on it for want of a valuable consideration or because the person signing the note for the Association had no authority to do so, the defendant cannot escape his primary and unconditional obligation to pay the note unless he alleges and proves that neither he nor any of the others primarily liable on the note received no consideration, in which case the promise of all parties to the note as to their immediate payee would be nothing more than a nudum pactum.
Instead of allegations and proof on the part of defendant that he received no consideration for binding himself primarily and unconditionally to the plaintiff, the answer which he filed and the evidence produced on the trial show that both he and S.B. Easterly received consideration for thus binding themselves unconditionally to pay the note. They were obligated to plaintiff under past due mortgage notes in the sum of $8,000, with 8 per cent per annum interest on that amount for more than four and a half years. As a consideration for the release of this obligation on their part, they retroceded the property to plaintiff which they had purchased from it and had used during this period, and in addition thereto unconditionally bound themselves to pay plaintiff the note herein sued on.
Learned counsel for defendant insist that, as the deed of retrocession recites that the re-transfer is made in consideration of the cancellation of the mortgage notes and interest due by the transferors on the property and nothing is said in the deed about this note as additional consideration, parol testimony is inadmissible to show that the consideration for the note was their release from liability on these mortgage notes. But this is not a suit attacking or affecting the deed of retrocession, in which case the parties to that deed might be precluded from denying the consideration mentioned in the deed, or in showing additional consideration, in order to support or nullify the transaction. Here the testimony was to show a consideration for the note sued on and was admissible for that purpose even though it did show a different consideration from that recited in the deed of retrocession. See McConnell v. Harris Chevrolet Co., Inc., La.App., 147 So. 827, and cases there cited.
The alternative defense to the effect that the liquidation of the Selling Association and its discharge from any liability which it might have incurred as maker of said note, is likewise untenable, as the liability vel non of said Association could have no effect on the primary liability of this defendant who can be sued on the note irrespective of any liability of the Association thereon. Beaird Corporation v. Johnson, La.App., 152 So. 789.
For the reasons assigned, the judgment appealed from is hereby affirmed at the cost of appellant in both courts.