On April 13, 1942, the defendant bought a used Hudson automobile from the plaintiff, an automobile dealer in Houma, Louisiana, for $531.45, on which he traded in a truck valued at $150, representing the cash payment, and gave his note for $381.45 payable in fifteen monthly installments of $25.43. The dealer's statement of the transaction between them, as presented by an exhibit filed in the record, shows that the sale, price of the Hudson automobile was $450. The $150 paid in cash therefore represented one-third of the purchase price, the amount demanded by the plaintiff and which as we understand is the usual amount required by finance companies handling automobile papers, leaving the actual balance at $300. The carrying charges which included interest and insurance premiums therefore represented the difference in the amount of the note, or the sum of $81.45. By other documents introduced in evidence it is shown that the amount for insurance, which was the premium on a policy for fire, theft and collision insurance, was $32.
The defendant accepted delivery of the automobile and two or three weeks afterwards, it was wrecked while being driven by his son. After the wreck the plaintiff had it in his shop for repairs and as these included straightening out parts of the body and also the chassis, work which he was not equipped to do at that time, he turned it over to different firms engaged in that kind of work and who made all the repairs that were necessary. These, together with what charges he bad, amounted to the sum of $223.05. He presented the defendant with a bill for this amount which the latter refused to pay, whereupon he instituted the present action which is a simple suit on an open account.
The defendant in his answer denies the indebtedness claimed by plaintiff and alleges that when he purchased the automobile he paid plaintiff for insurance to protect it against the damages which it had sustained in the wreck, which insurance the plaintiff had neglected to place, on it. He pleaded that by accepting the money for the insurance plaintiff became his agent to insure the automobile and that because of his failure to have carried out his trust as such agent, he became liable as an insurer himself.
Before the trial of the case the defendant deposited the sum of $55.50 in the registry of the court, which amount represented the sum of $50, the amount deductible under the insurance policy which he claims plaintiff should have taken on the car, the interest which he owed on the note at the time, and the costs of court. The case thereafter went to trial and resulted in a judgment in favor, of the plaintiff and against the defendant for the full amount sued for less the amount of the tender, whereupon the defendant took this appeal.
A considerable part of the argument of the defendant's counsel is devoted to the question of agency, his theory being that the Rlaintiff after having accepted the amount of the premium for insurance from the defendant became the latter's agent, was charged with the duty and responsibility of placing the insurance on the car and having failed in his duty, he became liable for any loss suffered by the defendant who, in effect, was his principal. Articles of the Civil Code and certain cases are cited as authority, all of which, it is unnecessary for us to consider as we do not find the question of agency involved, the issue being simply a matter of contract between a vendor and purchaser of an automobile and the reciprocal obligations which arose between them under that contract.
[1] The lower court overruled an objection to the admission of parol testimony based on the ground that the written contents of the contract of sale between the parties could not be varied or contradicted. This objection, if maintained, would have had the effect of foreclosing all oral testimony on the question of insurance and would have restricted the proof on that matter to what is contained in the contract of sale, according to which, as is contended by plaintiff, the defendant had obligated himself to procure the insurance. The objection was properly overruled. Under the clause by which the defendant bound himself in the contract of sale he was only obligated *Page 384 
to keep the car insured against loss by fire or theft whereas according to the pleadings, the loss which defendant claims to have sustained by reason of plaintiff's failure to have taken out the insurance for which he had included in the note an amount sufficient to cover the premium, was by collision. Besides, the purpose of the parol testimony was not to vary or contradict the written terms of the contract but to show that the real consideration for the sale of the car included the amount of the premium for insurance which was included in the note executed by the defendant. The case of McConnell v. Harris Chevrolet Co., Inc., La. App., 147 So. 827, is authority for the court's ruling on this point.
[2] When we come to consider the testimony and we find it conceded that the note included among other items, the insurance premium, including collision insurance, and plaintiff so accepted it, it at once occurs to us that he then and there assumed the obligation of placing the insurance on the automobile himself. According to the evidence it seems to be a common practice, in the sale of an automobile on terms of credit, for the dealer to include the amount of the premium for insurance in the carrying charges and to effect the insurance on the car.
[3] In this case however, plaintiff says that he did not take out the insurance because defendant told him to hold that off as he was going to make arrangements with the Terrebonne Bank Trust Company of Houma to take his personal note and pay cash for the car. If that had been so we cannot understand the necessity of going through all the formalities of a regular act of sale with chattel mortgage and note with all the incidental carrying charges, including the premium for insurance, all matters which the plaintiff has not satisfactorily explained. He makes no mention of any time limit in which defendant was to negotiate a loan with the Dank but does finally say that he was informed by defendant that he had been unsuccessful. All this testimony relative to his intention to borrow the money from the Bank and his unsuccessful effort in that direction is denied by the defendant and yet, in face of such denial, there was no attempt made, as far as the record shows, to produce as a witness, any one connected with the Bank who may have corroborated the plaintiff's testimony to some extent, at least, on this important point in the case. We take it that such testimony would have been available to the plaintiff as he testified that he had business dealings with that Bank and as a matter of fact it was there that he negotiated a new note which he had to have the defendant execute after the car had been repaired and after the original note and mortgage had been cancelled.
The defendant testified that on the first occasion he saw plaintiff after the car had been wrecked, plaintiff told him that had the accident occurred one day later, the car would have been insured. The effect of that statement is rather significant. It tends to show an admission on the part of the plaintiff that it was his obligation to take out the insurance and that he waited too long before doing so. He hesitatingly denies that he made any such statement but when we take all the circumstances into consideration it seems such a, natural remark for him to have made that we are inclined to believe he did make it.
The trial judge did not assign written reasons and we therefore do not know on what ground he based his judgment unless he believed the plaintiff's testimony that he had been instructed by the defendant to hold off taking the insurance. If that is the view he took we think that he was in error as in our opinion all the circumstances support the defendant's side of the case and warrant a judgment in his favor.
For the reasons stated it is therefore ordered that the judgment appealed from be and the same is hereby avoided, annulled and reversed and it is further ordered that there be judgment in favor of the defendant and against the plaintiff dismissing the latter's suit and rejecting his demand at his costs. *Page 430